PER CURIAM.
Appellant, Ernst Nicolitz, M.D., seeks review of a final order awarding attorney’s fees to appellee, Baptist Eye Institute, P.A. (BEI), following the entry of an order granting motions to dismiss for failure to prosecute filed by both parties. Nicolitz contends on appeal that the trial court erred in granting BEI’s motion to dismiss; that he was, in fact, the prevailing party on all the significant issues in the litigation; and that the court erred by failing to consider the “results obtained” when awarding fees to BEI. We agree with Ni-colitz that the trial court erred in granting BEI’s motion to dismiss for failure to prosecute and in applying the “dual dismissal rule” to award attorney’s fees to BEI as the prevailing party. Because we reverse and remand on this issue, we do not consider the remaining issues.
Four days after Nicolitz filed his motion to dismiss BEI’s counterclaim for failure to prosecute, BEI moved to dismiss Nicolitz’s complaint for the same reason. The lower court granted both motions, and in a subsequent order determined that BEI, as the defendant, was the prevailing party under the dual dismissal rule[1] for the purpose of awarding attorney’s fees.[2] The final order granting $31,115.83 in attorney’s fees and costs to BEI was entered on September 14, 2001, from which Nicol-itz appeals.
*272 Florida Rule of Civil Procedure 1.420(e) provides that “[a]ll actions in which it appears on the face of the record that no activity ... has occurred for a period of 1 year shall be dismissed[.]” For purposes of this rule, “record activity” is defined as “any act reflected in the court file that was designed to move the case forward toward a conclusion on the merits or to hasten the suit to judgment.” Barnett Bank of E. Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987).
In Hanson v. Poteet, 556 So.2d 828, 830 n. 2 (Fla. 2d DCA 1990), the Second District noted that the defendant’s motion to dismiss for lack of prosecution, filed a few days before the plaintiffs own motion to dismiss for failure to prosecute, was an act of prosecution as contemplated by the rule. The same circumstances exist in this case. Once Nicolitz filed his motion to dismiss, record activity., existed in the case, which precluded the court from granting BEI’s subsequent motion to dismiss and from applying the dual dismissal rule.
In summary, we conclude that the trial court properly granted Nicolitz’s motion to dismiss for failure to prosecute, but that it abused its discretion by granting BEI’s motion as well. Because Nicolitz’s motion to dismiss was properly granted, he was the prevailing party for the purpose of awarding attorney’s fees under the shareholder agreement. As a result, we reverse the order taxing attorney’s fees and costs against Nicolitz in favor of BEI, because BE I was not the prevailing party.
REVERSED and REMANDED for further proceedings consistent with this decision.
ERVIN, BOOTH and DAVIS, JJ., concur.

. The dual dismissal rule provides that when a court dismisses both the complaint and a counterclaim for failure to prosecute, the defendant is the prevailing party. See Stout Jewelers, Inc. v. Corson, 639 So.2d 82 (Fla. 2d DCA 1994): Scutti v. Daniel E. Adache & Assocs. Architects, P.A., 515 So.2d 1023 (Fla. 4th DCA 1987); McKelvey v. Kismet, Inc., 430 So.2d 919 (Fla. 3d DCA 1983); Winnie v. Buckhalter, 362 So.2d 1014 (Fla. 1st DCA 1978).

. The shareholder agreement contained an attorney's fee provision for the prevailing paxty when legal counsel is retained to enforce the agreement.