KLEIN, J.
The trial court dismissed plaintiffs lawsuit for failure to prosecute under rule 1.420(e). Plaintiff argues that this was an abuse of discretion because its manager had cancer during the period of inactivity, and this constituted good cause for denying the motion to dismiss. We affirm.
Plaintiff filed this suit in February 1998. After Dennis Terhune, the chief manager of plaintiff failed to appear for his deposition in February 2002, he filed an affidavit in July 2002 stating that he had been undergoing aggressive treatment for cancer and was physically unable to attend. He was deposed in August 2002. Nothing relevant occurred after that until defendants moved to dismiss for failure to prosecute in February 2004, asserting there had been no record activity for sixteen months.
At the hearing on the motion to dismiss plaintiff relied on the 2002 affidavit, but the trial court did not consider the contents of that affidavit sufficient to establish good cause and granted the motion to dismiss. Plaintiff then moved for rehearing and attached an affidavit of Terhune dated March 2, 2004, in which he stated that his cancer had metastasized and that he has been told he has a limited time to live. He is on morphine and other pain killers. His deteriorating health and the use of morphine has made him unable to assist new counsel in prosecuting the action. Ter-hune’s reference to new counsel apparently refers to the fact that plaintiffs prior counsel had withdrawn in October 2003 and new counsel appeared in November 2003. The trial court denied the motion for rehearing and plaintiff appealed.
According to plaintiffs initial brief, plaintiff had provided financing to defendant and was suing for damages in excess of $2 million. Terhune’s illness and inability to operate plaintiff, however, caused plaintiff to default on a loan from a third party, Cash Flow Management, the balance on which was over $44 million. At that point Cash Flow took over the management of plaintiff, Terhune resigned, and Cash Flow was attempting in this case to pursue the claim against defendants.
Plaintiff relies on Chrysler Leasing Corp. v. Passacantilli, 259 So.2d 1, 5 (Fla.1972), in which our supreme court stated that the “severe illness of a major party to a cause is an ample justification for failure to bring a case to trial for a reasonable time.” That case, however, is distinguishable in two ways. First, it was the plaintiff, not the manager of a company, who was ill. Second, the case, which had been set for trial, was continued by the trial court because the plaintiff had suffered a heart attack and str.oke and was unable to proceed. When no action had been taken for one year after that time, the trial court, on its own, dismissed the case, for failure to prosecute. Our supreme court reversed, concluding that the plaintiff should not have been penalized for a delay authorized by the trial court in the first place.
Whether there is good cause to deny dismissal for failure to prosecute is reviewed for abuse of discretion. Cole v. Dep’t of Corrections, 726 So.2d 854 (Fla. 4th DCA 1999). Although there are cases in which the illness of clients or counsel has been held to excuse prosecution of a lawsuit, in this case it was the chief manager of a company, not the client, who was *253 ill. In addition, the affidavits contained very little information other than that Ter-hune was ill. They fail to explain why neither the plaintiff nor its counsel prosecuted this case for sixteen months prior to the motion to dismiss.
As one court has put it, “good cause is excusable conduct other than negligence or inattention to deadlines.” Levine v. Kaplan, 687 So.2d 863, 865 (Fla. 5th DCA), rev. denied, 697 So.2d 511 (Fla.1997). We are not persuaded in this case that the trial court abused its discretion when it found that good cause had not been shown. Affirmed.
GROSS and MAY, JJ., concur.