923 So.2d 363 (2005)
Gloriann WILSON, etc., et al., Petitioners,
v.
Eva J. SALAMON, M.D., et al., Respondents.
No. SC04-140.
Supreme Court of Florida.
October 20, 2005.
Rehearing Denied February 15, 2006.
Wayne Johnson of DeCiccio and Johnson, Winter Park, FL, for Petitioner.
Robert A. Hannah and Robin D. Black of Hannah, Estes and Ingram, P.A., Orlando, FL, for Respondent.
ANSTEAD, J.
We have for review a decision of a district court of appeal which addresses the following question, certified to be of great public importance by the district court:
AFTER THE DECISION IN METROPOLITAN DADE COUNTY V. HALL, 784 So.2d 1087 (Fla.2001), ARE TRIAL COURT ORDERS THAT ARE ENTERED AND FILED TO RESOLVE MOTIONS THAT HAVE BEEN PROPERLY FILED IN GOOD FAITH UNDER THE RULES OF PROCEDURE AUTOMATICALLY TREATED AS ACTIVITY, OR MUST THE TRIAL COURT CONTINUE TO ASSESS ITS OWN ORDERS TO DETERMINE WHETHER THEY ARE PASSIVE ENTRIES IN THE COURT RECORD?
Wilson v. Salamon, 864 So.2d 1122, 1124 (Fla. 2d DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. We answer the question by holding that trial court orders that are entered and filed to resolve motions that have been properly *364 filed in good faith should be treated as record activity precluding dismissal under rule 1.420(e) of the Florida Rules of Civil Procedure. We quash the district court's decision.

Proceedings Below
The instant action arises from the Second District Court of Appeal's decision affirming a circuit court's dismissal of an action for failure to prosecute. See Wilson, 864 So.2d at 1122. The facts of this case were summarized in the opinion below:
Ms. Wilson filed her complaint on March 15, 2001, alleging that her daughter sustained personal injuries at the time of her birth on March 17, 1999, as the result of the negligence of Eva J. Salomon [sic], M.D., and Bond Clinic, P.A. (the defendants). The defendants filed a timely answer. On June 25, 2001, an attorney from Massachusetts, Kenneth Levine, filed a motion to appear pro hac vice as co-counsel for Ms. Wilson. Our record does not establish that an order was ever entered on this motion. Following some discovery, the defendants objected to certain interrogatories and filed responses to requests for production on October 29, 2001. Thereafter, there was no record activity in this file until Vivian Sparacio, Mr. Levine's partner, filed a comparable motion to appear pro hac vice as co-counsel for Ms. Wilson. This motion was granted by an order filed on April 4, 2002. Following this order, no activity occurred in the record until the defendants moved to dismiss the action on November 4, 2002.
Id. at 1123 (footnote omitted). The circuit court dismissed the action on November 27, 2002, and the plaintiff sought review in the Second District Court of Appeal. The district court affirmed the circuit court's dismissal, holding that a motion to appear pro hac vice was insufficient activity to preclude dismissal under rule 1.420(e) and certified the above-quoted question to this Court as one of great public importance. See id. at 1124.

Rule 1.420(e)
Before specifically addressing the certified question in this case, we find it necessary to review the history of rule 1.420(e), which was initially adopted by this Court in 1966. See In re Fla. Rules of Civil Procedure, 187 So.2d 598, 624 (Fla.1966). The rule in its current version reads:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person . . . after reasonable notice to the parties, unless . . . a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e). This, of course, is the rule under which the circuit court and district court resolved the motion to dismiss in this case.
The original rule was adopted in 1966 at a time when an existing corresponding statute provided:
All actions at law or suits in equity . . . in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court . . . upon its own motion or upon motion of any person interested . . . provided that actions or suits dismissed . . . may be *365 reinstated by petition upon good cause shown . . . .
§ 45.19(1), Fla. Stat. (1965) (emphasis supplied). The language of the rule adopted by this Court in 1966 was similar to the statute it replaced:
All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be. . . dismissed by the court on its own motion or on motion of any interested person . . . after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal.
In re Fla. Rules of Civil Procedure, 187 So.2d at 624 (emphasis supplied). The statute was repealed after we adopted the rule. See ch. 67-254, § 49 at 691, Laws of Fla.
In 1976, and again in 1980, we revised the rule. In our 1976 revision we removed the word "affirmatively" and added the condition that activity sufficient to preclude dismissal must appear "on the face of the record." Fla. Bar re Rules of Civil Procedure, 391 So.2d 165, 173 (Fla.1980); In re Fla. Bar, Rules of Civil Procedure, 339 So.2d 626, 629 (Fla.1976). A committee note published with the 1976 revision indicated that we were amending the rule's language to "prevent the dismissal of an action for inactivity alone unless one year has elapsed since the occurrence of activity of record." In re Fla. Bar, Rules of Civil Procedure, 339 So.2d at 629 committee note (emphasis supplied).[1] Our revision of the rule in 1976 apparently came in response to confusion surrounding the issue of the type of activity sufficient to "affirmatively" establish that action occurred sufficient to avoid dismissal under the rule.
This confusion in turn can be traced at least in part to language contained in our 1951 opinion in Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla.1951), in which we interpreted the meaning of the statutory predecessor to rule 1.420(e). Id. at 707. In Gulf Appliance, we addressed whether an order allowing the withdrawal and substitution of counsel constituted sufficient activity to preclude dismissal for failure to prosecute under section 45.19(1), Florida Statutes (1949). See 53 So.2d at 707. In holding that the entry of such an order was not sufficient, we stated that the requirement is "something more than a mere passive effort to keep the suit on the docket of the court; it means some active measure taken by [the] plaintiff, intended and calculated to hasten the suit to judgment." Id. (quoting Augusta Sugar Co. v. Haley, 163 La. 814, 112 So. 731, 732 (1927)). The analysis we outlined in Gulf Appliance was an effort to construe the parameters of the term "affirmatively" that was employed in the statute by the Legislature when the statutory provision at issue was originally enacted.
However, as noted above, we removed the term "affirmatively" from the language of rule 1.420(e) in 1976 and added the above-referenced commentary in an effort to reduce the confusion surrounding the meaning and purpose of the rule. Nevertheless, *366 despite these actions, our analysis in Gulf Appliance has continued to influence this Court and other Florida courts attempting to apply rule 1.420(e). See Moossun v. Orlando Reg'l Health Care, 826 So.2d 945, 946 (Fla.2002) (holding that the trial court's order setting a case management conference did not constitute sufficient "record activity" to preclude dismissal for failure to prosecute as it was not an affirmative act calculated to hasten the suit to judgment); Toney v. Freeman, 600 So.2d 1099, 1100 (Fla.1992) ("Record activity must be more than a mere passive effort to keep the case on the docket; the activity must constitute an affirmative act calculated to hasten the suit to judgment."); Barnett Bank v. Fleming, 508 So.2d 718, 720 (Fla.1987) (same); Moransais v. Jordan, 870 So.2d 177, 178 (Fla. 2d DCA 2004) (same); Sewell Masonry Co. v. DCC Constr., Inc., 862 So.2d 893, 896 (Fla. 5th DCA 2003) (same), review dismissed, 870 So.2d 823 (Fla.2004); Florez v. City of Miami, 858 So.2d 378, 378 (Fla. 3d DCA 2003) (same); Nicolitz v. Baptist Eye Inst., P.A., 830 So.2d 270, 272 (Fla. 1st DCA 2002) (same); Kearney v. Ross, 743 So.2d 578, 580 (Fla. 4th DCA 1999) (same).
Today we reconsider whether continuing to apply the Gulf Appliance analysis properly balances the policies that we sought to advance in enacting the rule and in subsequently enacting amendments to the rule. Initially, we conclude that the analysis is inconsistent with the plain language of the current rule and the commentary that accompanied our 1976 amendment. Upon reflection, we also conclude that the Gulf Appliance analysis is inconsistent with the policies we sought to balance by enactment of the rule and the 1976 amendment.
The plain language of the rule contemplates that an action cannot be dismissed under the rule for failure to prosecute if some "action has been taken by filing of pleadings, order of court, or otherwise" within the past year. In re Fla. Rules of Civil Procedure, 211 So.2d 206, 207 (Fla. 1968). In addition, the commentary we added in 1976 explicitly echoed this plain meaning in explaining that a dismissal could not be obtained for inactivity alone unless there is no record activity for a period of at least one year. We would like to say that our meaning could not have been clearer, but our subsequent case law suggests otherwise.
Nevertheless, in some cases this meaning was properly explained. As Justice Wells noted in Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001):
[A]ctions "shall" be dismissed if it appears on the face of the record that there was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not. If a party shows that there is no activity on the face of the record, then the burden moves to the non-moving party to demonstrate within the five-day time requirement that one of the three bases that would preclude dismissal exists. The factors from Del Duca [v. Anthony, 587 So.2d 1306 (Fla.1991)], whether any activity was done in good faith and whether the activity was with any design to move the case forward, are components in evaluating whether good cause exists. We also note that when there is record activity occurring during the preceding year, such as a notice for trial which has not been acted on by the trial court, good cause always exists. However, we expressly state that, when there is no record activity for a year and a hearing is set on a dismissal motion, the non-moving party must set forth in writing five days before the hearing the record activities that move the case forward *367 to a conclusion upon which that party relies as good cause.
Id. at 1090 (footnote and citation omitted).[2] Further, we held in Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000), that the mere filing of a motion to disqualify the presiding trial judge was sufficient activity to preclude dismissal for failure to prosecute. Id. at 1066. In these opinions, at least, we appear to have been true to the plain language of the rule and the 1976 commentary.
Today, we attempt to remedy our past errors of construction and return to the plain meaning and, more importantly, the purpose and policy of the rule. We conclude that continuing to abide by the principles of stare decisis where there has been a clear showing, as we believe there has been here, that our original purpose and policy have been undermined, only serves to undermine the integrity and credibility of our court system. See Weiand v. State, 732 So.2d 1044, 1055 n. 12 (Fla.1999) ("Although stare decisis is fundamentally important in our system of justice, it is not `an ironclad and unwavering rule' so that we must bend to the `voice of the past, however outmoded or meaningless that voice may have become.'") (quoting Haag v. State, 591 So.2d 614, 618 (Fla.1992)); State v. Gray, 654 So.2d 552, 554 (Fla.1995) (same).
Continuing confusion over the meaning and application of rule 1.420(e) convinces us that it is time we reexamine the intentions of this Court when we initially adopted the rule and amended it in 1976 to remove the language "affirmatively." Rather than allowing continuing confusion surrounding the rule to continue, we conclude that interpreting the language of Florida Rule of Civil Procedure 1.420(e), as amended in 1976, by its plain meaning will further the purpose of decreasing litigation over the purpose of the rule and fostering the smooth administration of the trial court's docket.

Balancing Competing Policies
In adopting the rule, we were confronted with balancing two important but often competing policies and concerns in supervising the orderly and fair resolution of civil litigation: one, to see that legitimate disputes are fairly resolved in the courts on the merits, and the other, to identify cases that are not being properly prosecuted and whose presence in the system may hinder the courts in processing other cases on the merits.[3] Those concerns remain with us.
Florida's Constitution provides that the courts will be open and accessible to our citizens to address all legitimate grievances. *368 Art. I, § 21, Fla. Const. Hence, a primary concern of the courts is to see that cases are resolved on their merits. A secondary concern is to see that the resolution of cases on the merits is not impaired by the processing of cases without merit or cases that are filed and then abandoned in the system. It is this secondary concern that is addressed by rule 1.420(e).
However, while we have provided a mechanism for identifying the "dead wood" in the system, we must never lose sight of our primary policy of fostering resolution of cases on the merits. We must be careful not to "throw out the baby with the bath water." We must also acknowledge that today the system provides other methods for seeing that cases are properly and promptly resolved including mediation, case management, and time standards for judges.
Nevertheless, we continue to believe that rule 1.420(e) has a useful role to play in processing cases through the system. The language adopted by us in 1976 in pertinent part reads:
All actions in which it appears on the face of the record that no activity by filings of pleadings, order of court, or otherwise has occurred for a period of one year shall be dismissed. . . .
In re Fla. Bar, Rules of Civil Procedure, 339 So.2d at 629 (emphasis added); see also Fla. R. Civ. P. 1.420(e). By this language, we provided a clear mechanism for initially identifying those cases not being diligently prosecuted, i.e., those cases in which no record activity took place within a year. While the selection of the period of a year may have appeared arbitrary, that was the time period in the statute and, of course, any time period selected would be somewhat arbitrary. But we picked a year of record inactivity that would presumptively require dismissal. However, we also provided a safeguard to ensure that legitimate matters would be decided on the merits, a provision allowing for a showing of good cause for failure to act within the year. Thus, the rule provides a balance to address the two policy concerns discussed above.
However, the language of the rule is clearif a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed, unless a party shows good cause why the action should remain pending; however, if a review of the face of the record reveals activity by "filings of pleadings, order of court, or otherwise," an action should not be dismissed. See Hall, 784 So.2d at 1090. This construction of the rule establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court. As Justice Wells noted in Hall, there is either activity on the face of the record or there is not. Id. We find this bright-line rule appealing in that it establishes a rule that is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active. It is this burden which has created the difficulty with which litigants and trial courts have struggled to determine whether a particular filing or action will advance the cause to resolution.
The subjective analysis that is currently being applied in that struggle has simply proven unworkable and has spurred an increase in non-merit-based litigation that has led us down a path we are no longer willing to follow. Too many times we have seen that reasonable persons have assessed and reached contrary conclusions as to whether particular filings or actions would hasten the proceedings to conclusion. The analysis has simply become too subjective.

*369 This Case
In the case at hand, there is no dispute that an order of court was entered and this order appears on the face of the record. In turn the provision of the rule permitting dismissal where "no activity by filings of pleadings, order of court, or otherwise" within the past year cannot be satisfied. Fla. R. Civ. P. 1.420(e) (emphasis added). The appearance of the order of court on the record in these proceedings prevents rule 1.420(e) from being utilized as a basis for dismissal.

Conclusion
For the reasons stated herein, we now recede from our prior interpretations of rule 1.420(e) insofar as those interpretations require a trial court to look behind the face of the record to subjectively determine whether the activity reflected of record is merely passive, and therefore insufficient to preclude dismissal under the rule, or active and therefore designed to hasten the suit to a conclusion on the merits and therefore sufficient to preclude dismissal. Instead, we return to the plain meaning of the rule as specifically set forth in the words of the rule as discussed above. While indeed the committee note we included in 1976 was not literally made part of the rule, it was intended as an aid to construction and use of the rule, and remains in place today for that purpose.
Accordingly, we quash the decision of the district court, answer the certified question as set out herein, and remand the cause to be considered in light of the analysis we have outlined in this opinion.
It is so ordered.
PARIENTE, C.J., and LEWIS and QUINCE, JJ., concur.
PARIENTE, C.J., concurs with an opinion, in which ANSTEAD, J., concurs.
BELL, J., concurs in part and dissents in part with an opinion, in which CANTERO, J., concurs.
WELLS, J., dissents with an opinion.
PARIENTE, C.J., concurring.
The majority today establishes a bright line rule that follows the plain language of Florida Rule of Civil Procedure 1.420(e). The question is whether the plain language interpretation also serves the purpose of the rule, which is "to encourage prompt and efficient prosecution of cases and to clear trial dockets of litigation that has essentially been abandoned." Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla.1987). As the majority points out, the policy concern that legitimate disputes be fairly resolved on the merits must be balanced against the competing policy concern that cases that are not being diligently prosecuted be identified. I conclude that increased attention to judicial case management and less emphasis on an arbitrary application of rule 1.420(e) better serves the administration of justice and the goal of deciding cases on the merits.
Rule 1.420(e) must be examined in conjunction with the other rules of court that are designed to ensure that cases progress in a timely manner. Florida Rule of Judicial Administration 2.085(b) requires trial judges to "take charge of all cases at an early stage in the litigation" and to "control the progress of the case thereafter until the case is determined." Florida Rule of Judicial Administration 2.085(e) provides guidance to both trial judges and the parties on when particular types of cases should be completed. In addition, Florida Rule of Civil Procedure 1.200(a) provides a tool for a judge to monitor the progress of cases by authorizing the judge to order a case management conference to determine a number of matters, including *370 any "matters that may aid in the disposition of the action." Fla. R. Civ. P. 1.200(a)(10). This is similar to Federal Rule of Civil Procedure 16, which allows a court to set a pretrial conference to, among other things, "expedit[e] the disposition of the action," "establish[] early and continuing control so that the case will not be protracted because of lack of management," and "discourag[e] wasteful pretrial activities."
In light of the more recent emphasis on judicial case management, the need for rule 1.420(e) as a docket management tool has diminished. In some cases, we spend more time litigating whether there is record activity than in focusing on moving that case to a conclusion.[4]
Certainly, weeding out cases that were filed and then left to languish is a laudable goal. It is unfair to defendants to have cases remain unresolved for years on end. This is where appropriate case management becomes essential. Although I agree that much of the burden of moving cases to conclusion should remain on the litigants, trial court judges have an obligation to ensure that cases do not languish on the docket. Justice Harding made a similar observation:
[J]udges in the year 2000 must be managers as well as adjudicators, especially in light of Florida's crowded trial court dockets. Trial judges have a duty to periodically review their dockets and bring up matters which the attorneys have not set for hearing . . . . While I recognize that not all courts have case management systems which would make this undertaking easy and thus it may be burdensome for some judges to monitor their cases in this manner, I still believe this crucial task must be performed by judges.
Fuster-Escalona v. Wisotsky, 781 So.2d 1063, 1066 (Fla.2000) (Harding, J., specially concurring). With case management systems now the norm rather than the exception, trial judges should be able to monitor the progress, or lack thereof, of their cases.
In a case such as this one, where the only activity in a one-year period apparent from the record is a motion to appear pro hac vice and an order granting the motion, the real issue is what the parties are doing to bring the case to resolution. Although the trial judge should not rush the parties to trial simply to remove the case from his or her docket, an awareness of the progress of the litigation will enable the judge to better take charge of the case. In the long run, this will best serve the goal of fair and effective administration of justice.
ANSTEAD, J., concurs.
BELL, J., concurring in part and dissenting in part.
The "bedrock principle" underlying the rules of civil procedure is the desire to promote the orderly movement of litigation. Totura & Co. v. Williams, 754 So.2d 671, 678 (Fla.2000). Specifically, rule 1.010 directs that the rules of civil procedure "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fla. R. Civ. P. 1.010. Respectfully, in its effort to find a "simplified" approach, I believe the majority goes too far. By wholly eliminating the discretion of trial judges to examine filings other than pleadings or orders of court on a case-by-case basis, the majority's approach undermines the just, speedy, and inexpensive *371 determination of civil actions. Therefore, I concur in part and dissent in part.
As far as filings that are pleadings or an order of court, I agree with the majority that, given the clear and unambiguous language of rule 1.420(e) and the confusion in the case law, a bright-line test is appropriate. However, I do not agree that a bright-line test is appropriate for the "or otherwise" catch-all clause of the rule. I believe that when the filing in question is something other than a pleading or an order of court, the majority's "remedy" will prove worse than any problem in the case law that it seeks to correct. As Justice Wells predicts, the majority's remedy "will have bad and unfair consequences for many who are subjected to lawsuits that are not fairly and with due diligence progressed to final judgment." Dissenting op. at 371. For example, the majority's remedy will allow a party to avoid dismissal simply by filing a "Notice of Vacation." Such an outcome is obviously far afield from the specific objective of rule 1.420(e) and the foundational objective of the rules of civil procedure as a whole.
Therefore, when the filing at issue is not a pleading or an order of court, I agree with Justice Wells that we should not abandon fifty years of precedent expressly designed to address such abuses. Instead, we should continue to rely upon the wisdom of our trial judges and retain their discretion to interpret rule 1.420(e) on a case-by-case basis. In the relatively few cases in which they err, there is an adequate remedy to correct such errors. Finally, I echo Justice Wells' call for the Civil Procedure Rules Committee to address this question.
CANTERO, J., concurs.
WELLS, J., dissenting.
As tempting as it is to join in the majority's bright-line approach to this case because of the simplicity of that approach, I cannot cast aside over fifty years of this Court's precedent to reach a result when I know it will have bad and unfair consequences for many who are subjected to lawsuits that are not fairly and with due diligence prosecuted to final judgment. I would affirm the decision of the Second District Court of Appeal and answer the certified question in the affirmative, in accord with this Court's decision in Toney v. Freeman, 600 So.2d 1099 (Fla.1992). The Toney decision was reaffirmed by this Court in Moossun v. Orlando Regional Health Care, 826 So.2d 945 (Fla.2002). Clearly, the trial court order approving substitution of counsel in the present case did nothing more to advance the cause to conclusion than did the orders in Toney and Moossun.
I recognize that the opinion I wrote in Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001), gave rise to Judge Altenbernd's well-taken question, which he sets out in the Second District's decision in this case. Judge Altenbernd noted that I had referred to the two-step process set forth in this Court's opinion in Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991). The Second District then stated:
In Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001), the supreme court considered a case involving non-record discovery items and an unfiled offer of judgment. It found that this activity was sufficient under the second step described in Del Duca. However, in so ruling, the court stated that its analysis in Del Duca was not for use in the first step, but rather in the second step. 784 So.2d at 1090. As to the first step, the court stated:
Rule 1.420(e) plainly states that actions "shall" be dismissed if it appears on the face of the record that there *372 was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not.
784 So.2d at 1090 (footnotes omitted). This language in Hall suggests that the supreme court may be retreating from earlier cases that analyze the first step to determine whether this activity on the face of the record is either passive activity or active activity.
864 So.2d at 1124.
However, in Sheen v. Time Inc. Magazine Co., 817 So.2d 974, 976-78 (Fla. 3d DCA 2002), the Third District Court of Appeal did read the opinion in Hall as it was intended.
In Del Duca v. Anthony, the Florida Supreme Court approved the Second District Court of Appeal's decision in Anthony v. Schmitt, which sets forth a two-step test for trial courts to apply when considering a dismissal for failure to prosecute, where there has been some discovery activity during the year preceding the filing of a motion to dismiss under rule 1.420(e). Anthony, 557 So.2d at 658-59, approved by, Del Duca, 587 So.2d at 1308-09. "First, the defendant is required to show there has been no record activity for the year preceding the motion. Second, if there has been no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Id. The issue in Del Duca involved only the first step, specifically, whether the discovery activity that had been filed in the record was not "a mere passive effort to keep the suit on the docket." [n. 3] 587 So.2d at 1309 (quoting Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla. 1972)). The test that emerged from Anthony allows a trial court to dismiss an action if the only activity within the year is discovery taken in bad faith and "without any design `to move the case forward toward a conclusion on the merits.'" Del Duca, 587 So.2d at 1309 (quoting Barnett Bank of East Polk County v. Fleming, 508 So.2d 718, 720 (Fla. 1987)).
[n. 3] The activity under scrutiny in Del Duca consisted of two filings of record by plaintiff: a request to produce and a notice of service of interrogatories to the defendants.
Thus, the first step of the test requires that the trial court determine whether there has been record activity, as that term has been interpreted by the Florida courts. A review of the record may in fact reveal no filings of record, in which case no further inquiry is necessary at that stage. See Metropolitan Dade County v. Hall, 784 So.2d 1087, 1090 n. 4 (Fla.2001). However, where there has been some activity, as in this case, the trial court is left with the task of determining whether the activity in question constitutes record activity to preclude dismissal under rule 1.420(e). Del Duca, 587 So.2d at 1309. If it is shown that no action toward prosecution has been taken within a year, the plaintiff then has the opportunity under the second step to present the trial court with good cause in writing to avoid dismissal. In the absence of good cause, the trial court is bound to dismiss the case. See Nesbitt v. Community Health of South Dade, Inc., 566 So.2d 1, 2 (Fla. 3d DCA 1989); Martinez v. Fuenmayor, 533 So.2d 935 (Fla. 3d DCA 1988).
Sheen relies on Metropolitan Dade County v. Hall, for the proposition that the trial court lacked jurisdiction to move to dismiss the action because there had been record activity in the case during the year preceding the filing of the notice of dismissal, i.e., the requests *373 to admit. Sheen's reliance on Hall is misplaced.
In Metropolitan Dade County v. Hall, the Supreme Court of Florida reviewed Hall v. Metropolitan Dade County, 760 So.2d 1051 (Fla. 3d DCA 2000), which this Court has certified to be in conflict with Levine v. Kaplan, 687 So.2d 863 (Fla. 5th DCA 1997), and Smith v. De-Loach, 556 So.2d 786 (Fla. 2d DCA 1990). In Hall, the defendant had deposed the plaintiff during the year preceding the filing of the motion to dismiss. The plaintiff had also served an offer of judgment on the defendant. Neither of these had been filed of record. The trial court granted the defendant's motion to dismiss for lack of prosecution; this Court reversed and certified conflict. The supreme court approved this Court's decision and disapproved of Smith and Levine. 784 So.2d at 1091.
In Hall, the Supreme Court of Florida did not have to analyze the first step of the Del Duca test because there was no record activity on the face of the record since neither the offer of judgment nor the depositions taken had been filed of record. Instead, the opinion focused on the second step, the good cause showing. To that end, the court noted that in the absence of record activity, the non-moving party must show good cause to preclude dismissal; it identified the factors from Del Duca as a means of evaluating whether good cause exists. The court went as far as providing an example of what constitutes sufficient record activity and as such, good cause. Specifically, the court stated:
Rule 1.420(e) plainly states that actions "shall" be dismissed if it appears on the face of the record that there was no activity within the past year. This requires only a review of the record. There is either activity on the face of the record or there is not. If a party shows that there is no activity on the face of the record, then the burden moves to the non-moving party to demonstrate within the five-day time requirement that one of the three bases that would preclude dismissal exists. The factors from Del Duca, whether any activity was done in good faith and whether the activity was with any design to move the case forward, are components in evaluating whether good cause exists. We also note that when there is record activity occurring during the preceding year, such as a notice for trial which has not been acted on by the trial court, good cause always exists.
784 So.2d at 1090 (footnote and citation omitted).[n. 4]
[n. 4] We construe the last sentence in this quote from Hall as a comment intended solely to illustrate what qualifies as good cause. We do not find that the court set out to redefine what constitutes record activity, an analysis that is confined to the first step of the test. Our interpretation is based on the fact that the court has not receded from Del Duca, which teaches that discovery activity filed of record does not always qualify as sufficient record activity for purposes of rule 1.420(e).

(Emphasis added.) The decision in Sheen faithfully follows this Court's precedent.
I believe that the majority's holding, which recedes from this Court's multiplicity of precedents, will create bad and unfair consequences. Our system of litigation is a process designed to proceed with due and deliberate speed from complaint to final conflict resolution. It should not be akin to slow-drip water torture for those who are haled into court as defendants. *374 We must recognize that to many individuals, such as small business owners, professionals, neighbors in a neighborhood dispute, or any of the endless variety of defendants in modern court cases, being sued is a pressure-filled and often emotionally life-changing experience. A defendant may have to put important life decisions on hold in order to have sufficient resources on hand to defend such a suit. Our procedure is at fault when it allows cases to linger on and on, month after month, hanging over the defendant's head.
I recognize that there are those who respond to these concerns by pointing out that the defendant could move the case for trial and get the litigation ended in that way. But I conclude that such a response ignores that often the defendant would have to pay substantial and overwhelming expenses and attorney fees to obtain finality by a trial that the defendant does not want except to end a process that the defendant did not initiate. In addition, a trial exposes the defendant, even if only slightly, to an adverse factual determination by the fact-finder (jury) in a case that has not been pursued by the plaintiff. Moreover, placing this burden on the defendant ignores the fundamental principle that the party who files a claim is the party who should bear the responsibility for bringing such claims forward to a timely conclusion.
Under this Court's prior precedent, all that was required is for the party bringing a claim to take some type of activity within a year which can be considered as designed in good faith to prosecute the case initiated by that party to an ultimate conclusion. Such a requirement is clearly not unreasonable. By receding from our precedent, the Court is opening the doors to a very real potential for abuse, whereby a plaintiff can extend indefinitely his or her case. All that will now have to be done is to file any piece of paper in the court file. Finally, there is the additional concern that undue delay can seriously prejudice a defense because witnesses can move out of the court's jurisdiction and memories can become less clear over time.
It is not my view that our precedent is without problems. I believe Judge Ramirez, in his concurring opinion in Sheen, and Judge Griffin, in her dissenting opinion in Levine v. Kaplan, 687 So.2d 863, 865 (Fla. 5th DCA 1997), make very worthwhile and cogent points that under this Court's precedent, predictability suffers in that parties do not always understand the boundaries as to what filings are considered to move a case forward. However, such concerns would be better handled by amending the rules.
Rather than suddenly receding from over fifty years of precedent, I believe that the Civil Procedure Rules Committee should again wrestle with this problem. I would urge consideration of a rule similar to Local Rule 41.1(A) of the United States District Court for the Northern District of Florida[5] or Local Rule 41.1 of the United States District Court for the Southern District of Florida.[6] These rules provide a *375 bright-line test but have a time limit of ninety days rather than one year.[7] Such an amendment would provide litigants with a bright-line rule that would reduce appellate litigation in this area while also encouraging parties who bring a claim to exercise due diligence. I would also urge consideration of a case management rule similar to rule 3.05 of the United States District Court for the Middle District of Florida, which enables a trial court to more actively control its docket and provides litigants with a specific goal as to when the trial in different types of cases should occur. With the additional trial judges that have now been provided to the courts by the Legislature, this type of case management rule should be possible.
NOTES
[1] In our opinion, however, we noted that the committee notes were not to be considered as part of the rule itself. In re Fla. Bar, Rules of Civil Procedure, 339 So.2d at 626. This notation has apparently itself caused further debate with some construing the note to mean that the committee note could be ignored. We reject any such interpretation today, since it would render meaningless the underlying purpose of committee notes, which is to avoid confusion over the purpose of the rule.
[2] Similarly, in Del Duca v. Anthony, 587 So.2d 1306, 1309 (Fla.1991), we approved the following text from the Second District's opinion in Anthony v. Schmitt, 557 So.2d 656 (Fla. 2d DCA 1990):

First, the defendant must establish that there has been no record activity for the year preceding the motion. If there has been no record activity within the year, then the plaintiff is given an opportunity to establish good cause in writing why the action should remain pending. The analysis during the first step favors the plaintiff. So long as the plaintiff's efforts are not "mere passive effort[s] to keep the suit on the docket," the plaintiff prevails. During the second step, however, the analysis favors the defendant, and the plaintiff has a "high" burden to establish good cause.
Schmitt, 557 So.2d at 659 (citation omitted) (quoting Eastern Elevator, Inc. v. Page, 263 So.2d 218, 220 (Fla.1972)). While this analysis is similar to that in Hall, it still includes the passive efforts concept from Gulf Appliance and the earlier statute.
[3] The rule and this opinion do not address the inherent authority of the trial court to dismiss actions determined to be frivolous or to otherwise impose sanctions for serious misconduct or breach of court rules or orders.
[4] I recently observed that we have had a similar problem with Florida Rule of Civil Procedure 1.442, which requires differentiated offers of judgment. See Lamb v. Matetzschk, 906 So.2d 1037, 1042-44 (Fla.2005) (Pariente, C.J., specially concurring).
[5] Specifically, local rule 41.1(A) provides:

Whenever it appears that no activity by filing of pleadings, order of the court or otherwise has occurred for a period of more than ninety (90) days in any civil action, the court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed. If no satisfactory cause is shown, the case may then be dismissed by the court for want of prosecution.
U.S. Dist. Ct., N.D. Fla. R. 41.1(A).
[6] The United States District Court for the Southern District of Florida has a similar rule, which provides:

Civil actions not at issue which have been pending without any proceedings having been taken therein for more than three months may be dismissed for want of prosecution by the Court on its own motion after notice to counsel of record. Such actions may also be dismissed for want of prosecution at anytime on motion by any party upon notice to the other parties.
U.S. Dist. Ct., S.D. Fla. R. 41.1.
[7] The United States District Court for the Middle District of Florida has a rule which is even more broad, providing:

Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.
U.S. Dist. Ct., S.D. Fla. R. 3.10.