925 So.2d 1166 (2006)
Neville D. RICHARDS, Appellant,
v.
The SHERIFF OF PALM BEACH COUNTY, Appellee.
No. 4D05-2003.
District Court of Appeal of Florida, Fourth District.
April 26, 2006.
*1167 Neville D. Richards, West Palm Beach, pro se.
Fred H. Gelston of Fred H. Gelston, P.A., West Palm Beach, for appellee.
POLEN, J.
This case began with the alleged assault of Appellant, Neville Richards, in March of 1999. An undercover police officer with the Palm Beach County Sheriff's Department, Agent Dimarco, was assaulted in a reverse sting operation gone awry, and Palm Beach County deputies established a perimeter to look for the assailant. Although the assailant was allegedly a Hispanic or white male, and Richards is a dark-skinned African-American male, Richards was detained by deputies. After Richards' initial detainment, Agent Dimarco arrived at the scene and allegedly indicated that Richards was not his assailant. Despite this, Richards was arrested. Richards was prosecuted for resisting arrest without violence, but the case against him was eventually dropped. In October of 2002, Richards filed a civil complaint against Palm Beach County, alleging (1) false imprisonment; (2) false arrest; and (3) malicious prosecution. On November 19, 2004, the trial court issued a sua sponte order to show cause why the case should not be dismissed for failure to prosecute, pursuant to Florida Rule of Civil Procedure 1.420(e). Richards' response requested that the trial court take judicial notice of his attorney's motion to withdraw in May of 2004. The trial court found that Richards had failed to demonstrate good cause and dismissed the case for failure to prosecute, citing Modellista de Europa (Corp.) v. Redpath Inv. Corp., 714 So.2d 1098 (Fla. 4th DCA 1998). Based on the Florida Supreme Court's decision in Wilson v. Salamon, 923 So.2d 363 (Fla.2005), we reverse and remand.
A trial court's determination that there is no good cause in dismissing an action for failure to prosecute is reviewed *1168 using an abuse of discretion standard. Classical Financial Servs., L.L.C. v. G2 Resources, Inc., 898 So.2d 251, 252 (Fla. 4th DCA 2005). "The rule is mandatory; `[u]nless a party can satisfy the exceptions provided for in the rule, it specifically states `shall dismiss,' and there is no discretion on the trial court's part if it is demonstrated to the trial court that no action toward prosecution has been taken within a year.'" Havens v. Chambliss, 906 So.2d 318, 319 (Fla. 4th DCA 2005) (quoting CPI Mfg. Co. v. Industrias St. Jack's, 870 So.2d 89, 91 (Fla. 3d DCA 2003)). While Modellista de Europa (Corp.) v. Redpath Inv. Corp. states: "Neither the motion to withdraw, nor the court's order granting the motion, nor the appearance of new counsel are considered the type of `record activity' which will avoid dismissal under Rule 1.420(e)," the supreme court's recent decision in Wilson[1] changes this result. 714 So.2d at 1099 n. 2.
Wilson states: "[T]rial court orders that are entered and filed to resolve motions that have been properly filed in good faith should be treated as record activity precluding dismissal under rule 1.420(e) of the Florida Rules of Civil Procedure." 923 So.2d at 363-64. "The plain language of the rule contemplates that an action cannot be dismissed under the rule for failure to prosecute if some `action has been taken by filing of pleadings, order of court, or otherwise' within the past year." Id. at 366. Based on this finding, and based on the fact that the trial court entered an order granting Richards' attorney's motion to withdraw within six months time of its sua sponte order to show cause, we find that there was record activity precluding dismissal of Richards' case for failure to prosecute. We reverse and remand to the trial court for proceedings consistent with this opinion.
KLEIN and SHAHOOD, JJ., concur.
NOTES
[1] 923 So.2d 363 (Fla.2005).