ALTENBERND, Judge.
Jerry Rollins Oglesby appeals a final order dismissing his complaint for failure to prosecute. We reverse because the record does not contain a motion to dismiss for failure to prosecute that would permit *257 dismissal in light of Mr. Oglesby’s November 14, 2004, record activity. See Wilson v. Salamon, 923 So.2d 363 (Fla.2005).
A dismissal for failure to prosecute is proper when the face of the record reflects a period of inactivity of one year.[1] See Fla. R. Civ. P. 1.420(c) (2004 ed.). This one-year period is determined by calculating the time between the date of the filing of the last record activity and the date of the filing of the motion to dismiss for failure to prosecute. See Togo’s Eatery of Fla., Inc. v. Frohlich, 526 So.2d 999, 1001 (Fla. 1st DCA 1988).
The trial court dismissed Mr. Oglesby’s case because it concluded there was no record activity for the relevant one-year period. The appellees assert that on November 12, 2003, they mailed their original motion to dismiss for failure to prosecute along with a cover letter directly to the presiding judge, rather than filing it with the clerk of court and sending the judge a courtesy copy. The court clerk’s records do not reflect that the motion was ever received. The appellees concede that the record does not contain this motion and recognize that it was probably misplaced. They have been unable to produce any proof of the filing of this motion. Thus, the appellees are relying on a document that is not in the record and cannot be produced by any clerk.
The only motion to dismiss for failure to prosecute filed in the record bears a filing date of November 17, 2003. This motion would not be sufficient to permit dismissal because Mr. Oglesby’s November 14, 2003, motion for default is record activity within the one-year period between November 17, 2002, and November 17, 2003. Salamon, 923 So.2d at 363.
We recognize that this case has been procedurally complicated as a result of its informal transfer from the Thirteenth Judicial Circuit to a judge in the Sixth Judicial Circuit. A review of the record reflects that documents pertaining to this case were filed with the clerks in both Hillsborough and Pasco Counties and that some of the filings even bore incorrect case numbers. However, because the record does not actually contain the one document needed to permit dismissal, we reluctantly reverse. We express no opinion on the merits of this action or the sufficiency of the complaint to state any cause of action.
Reversed and remanded.
WALLACE, J„ and DANAHY, PAUL W., Senior Judge, Concur.

. We note that Florida Rule of Civil Procedure 1.420(e) was amended on December 15, 2005, effective January 1, 2006, to provide that after ten months of record inactivity, notice may be served on the parties that such a period of inactivity has occurred. Following receipt of this notice, a party has sixty days to conduct record activity in order to preclude dismissal. If the sixty-day period passes with no record activity, the action shall be dismissed absent the showing of good cause. In re Amendments to the Florida Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176 (Fla.2005).