*793 PARIENTE, J.,
concurring.
I concur in the majority’s interpretation of our recently amended Florida Rule of Civil Procedure 1.420(e), entitled “Failure to Prosecute.” Certainly the judicial branch has an interest in ensuring that all cases are handled in an efficient, effective, and fair manner. There is rarely any excuse for a case to be pending on the trial court’s docket from 2002 through 2008 without the case either being disposed of or set for trial — unless the case involves an issue such as a stay as a result of bankruptcy or is unusually complex. Neither obstructive behavior nor inaction by either side is an excuse for a case to be stalled in the judicial system. However, the enforcement of the rule is a balancing act. As we observed in Wilson in discussing the prior version of rule 1.420(e):
In adopting the rule, we were confronted with balancing two important but often competing policies and concerns in supervising the orderly and fair resolution of civil litigation: one, to see that legitimate disputes are fairly resolved in the courts on the merits, and the other, to identify cases that are not being properly prosecuted and whose presence in the system may hinder , the courts in processing other cases on the merits. Those concerns remain with us.
Florida’s Constitution provides that the courts will be open and accessible to our citizens to address all legitimate grievances. Art. I, § 21, Fla. Const. Hence, a primary concern of the courts is to see that cases are resolved on their merits. A secondary concern is to see that the resolution of cases on the merits is not impaired by the processing of cases without merit or cases that are filed and then abandoned in the system. It is this secondary concern that is addressed by rule 1.420(e).
Wilson v. Salomon, 923 So.2d 363, 367-68 (Fla.2005) (footnote omitted).
Of course, if the parties are in fact ready for trial, then the responsibility to ensure a trial date is shared by both the parties and the court. In this case, the action was filed in May 2002, and an amended complaint was filed on August 6, 2002. Less than three months later, on October 31, 2002, the trial court entered an order setting the case for trial on July 7, 2003. Then, based on a joint motion for continuance, the court granted a continuance and, according to the motion to dismiss, “continued the trial indefinitely.”
Apparently, the case then languished. Each party casts blame upon the other. The plaintiff, Chemrock Corporation, stated that it had “been ready to proceed to trial and remains ready” and requested that a trial date be set. The plaintiff contended that the defendant, Tampa Electric, had “been dilatory in conducting discovery.” The defendant subsequently claimed that there had been “no attempt on the part of Plaintiff to reschedule the trial.”
Because the plaintiff allowed sixteen months to elapse from the time when it requested a trial date be set without taking action to ensure a trial date or filing a notice for trial as required by the rules, it is hard to believe that the plaintiff was anxious to get the case to trial. On the other hand, counsel is from out of state and may have not known that the proper way to ensure a trial date under the Florida rules is to file a notice pursuant to Florida Rule of Civil Procedure 1.440. That rule provides that once an action is at issue, “any party may file and serve a notice that the action is at issue and ready to be set for trial.” Fla. R. Civ. P. 1.440(b). Once the party files a notice for trial, the “clerk shall then submit the notice and the case file to the court,” id,., and if “the court finds the action ready to be set for trial, it shall be set not less than 30 *794 days from the service of the notice for trial,” Fla. R. Civ. P. 1.440(c).
Because we do not have a transcript of the hearing, it is impossible to determine why the trial judge did not just set the case for trial rather than dismissing the case. In fact, this dismissal would appear to be contrary to the spirit of our case law, which states that “[o]nce a plaintiff has given notice that it is ready for trial, the trial judge must enter an order fixing a date for trial and is therefore precluded from dismissing the action for lack of prosecution should the plaintiff fail to take any further action.” Mikos v. Sarasota Cattle Co., 458 So.2d 402, 403 (Fla.1984), receded from, in part by Fishe & Kleeman, Inc. v. Aquarius Condo. Ass’n, 524 So.2d 1012, 1012-18 (Fla.1988) (holding that “the bar against dismissal terminates after the trial court has taken action in response to the notice for trial”); see also Cabrera v. Pazos, Larrinaga & Taylor, P.A., 922 So.2d 422, 424 (Fla. 2d DCA 2006) (“[Ojnce a party files a proper rule 1.440(b) notice that a matter is ready for trial, it is the court’s duty to set the cause for trial.... Failure of the trial court to set the case for trial precludes dismissal for failure to prosecute despite the lack of record activity.”); Howland Feed Mill, Inc. v. Hart, 774 So.2d 962 (Fla. 1st DCA 2001) (holding that the filing of a notice asserting that the case was at issue and ready for trial and asking the court to set the case for trial “precludes the rule 1.420(e) dismissal”).
I agree with the majority’s bright-line interpretation of the rule and again emphasize what I stated in my concurrence in Wilson, 923 So.2d at 369-70 — that ensuring the timely disposition of cases is a joint responsibility:
I conclude that increased attention to judicial case management and less emphasis on an arbitrary application of rule 1.420(e) better serves the administration of justice and the goal of deciding cases on the merits.
Rule 1.420(e) must be examined in conjunction with the other rules of court that are designed to ensure that cases progress in a timely manner. Florida Rule of Judicial Administration 2.085(b) requires trial judges to “take charge of all cases at an early stage in the litigation” and to “control the progress of the case thereafter until the case is determined.” Florida Rule of Judicial Administration 2.085(e) provides guidance to both trial judges and the parties on when particular types of cases should be completed. In addition, Florida Rule of Civil Procedure 1.200(a) provides a tool for a judge to monitor the progress of cases by authorizing the judge to order a case management conference to determine a number of matters, including any “matters that may aid in the disposition of the action.” Fla. R. Civ. P. 1.200(a)(10). This is similar to Federal Rule of Civil Procedure 16, which allows a court to set a pretrial conference to, among other things, “expedite] the disposition of the action,” “establish ] early and continuing control so that the case will not be protracted because of lack of management,” and “discourag[e] wasteful pretrial activities.”
Since that concurrence was written, we now have a new rule of case management procedure for complex litigation — Florida Rule of Civil Procedure 1.201 — which should further the goal of ensuring that the trial court take an active role in the management of such cases and that a trial date be set in those cases within six to twenty-four months of the case management conference. See Fla. R. Civ. P. 1.201(b)(3).
Unfortunately, the significantly diminished resources available to the trial courts, including lost case managers and *795 the flood of mortgage foreclosure cases, have taxed our trial courts to the limit, making active case management more difficult in all cases. Regardless, the bottom line is that these problems cannot be solved by using rule 1.420(e) to dismiss cases where the litigants intend to continue to prosecute the case to a conclusion.