ORFINGER, J.
Aegis, LLC (“Aegis”) appeals the trial court’s order dismissing its lawsuit against Mohamed Mawji, Fatema Mawji, Gulam-abbas Mawji, and eAegis, Inc. (collectively, “Mawji”) for lack of prosecution. We reverse.
Aegis filed its case in July 2010. Substantial record activity occurred through November 2011. The next record activity did not occur until September 2012, when Aegis filed its designations of email addresses. Despite these filings, in December 2012, Mawji filed its motion to dismiss for failure to prosecute. Mawji’s motion cited Florida Rule of Civil Procedure 1.420(e), quoting the pre-2006 version of the rule, which states:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person ... unless ... a party shows good cause ... why the action should remain pending....
This rule was substantially revised, effective January 1, 2006. The current rule provides:
In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months ... any interested person ... the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice ... the action shall be dismissed ... unless a party shows good cause....
Fla. R. Civ. P. 1.420(e) (2013).
The notice required by the rule did not precede Mawji’s motion to dismiss. Further, while Mawji’s motion noted that Aegis filed papers with the court in September 2012, it asserted that these were “passive” papers not designed to advance the case, citing Metropolitan Dade County v. Hall, 784 So.2d 1087 (Fla.2001).[1] Following a hearing, the trial court entered an unelaborated order dismissing the action for failure to prosecute.
Neither Mawji’s motion nor the trial court’s order correctly applied the appropriate version of rule 1.420(e) or the decisional law that has developed since the rule was revised. Mawji did not provide the required sixty-day notice, nor did they, *144 or the trial court, recognize at least three instances of record activity preceding dismissal. Whether such filings were active or passive is irrelevant under the bright-line test established by the supreme court in Wilson v. Salomon, 923 So.2d 363 (Fla.2005). Any filing of record during the applicable time frame is sufficient to preclude dismissal without requiring the court find that the filing is intended to affirmatively move the case toward resolution on the merits. Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786, 791 (Fla.2011). The revised rule was intended to establish “a bright-line test that will ordinarily require only a cursory review of the record by the trial court.... [T]his bright-line rule [is] appealing in that it establishes a rule that is easy to apply and relieves the trial court and litigants of the burden of determining and guessing as to whether an activity is merely passive or active.” Wilson, 923 So.2d at 368. That did not occur here.
The motion to dismiss for lack of prosecution lacked merit and the order dismissing the case must be reversed.
REVERSED.
BERGER and WALLIS, JJ., concur.

. If Mawji’s counsel had bothered to check, counsel would have easily discovered that this case has been abrogated. See London v. Baxter Healthcare Corp., 965 So.2d 307 (Fla. 3d DCA 2007) (recognizing abrogation). It is puzzling why Mawji’s counsel quoted an outdated rule and abrogated case law. At the least, this certainly calls into question counsel’s research skills, and, perhaps, demonstrates an effort to mislead the trial court.