IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CHERYL PEEPLES, AS PARENT
AND NATURAL GUARDIAN OF
ARIAN PEEPLES,

        Appellant,

 v.                         Case No. 5D22-452
                                   LT Case No. 2018-CA-002406-AX

CARLTON PALMS EDUCATIONAL
CENTER, INC., GRACE'S SUPPORT
SERVICES, LLC, DISABILITY RIGHTS
FLORIDA, INC., AND BELLWETHER
BEHAVIORAL FLORIDA MANAGEMENT
CORP.,

        Appellees.
_____/

Opinion filed March 3, 2023

Appeal from the Circuit Court
for Lake County,
Dan R. Mosley, Judge.

Chad A. Barr, of Chad Barr Law, Altamonte
Springs, for Appellant.

Ronald L. Harrop, of O'Connor & O'Connor,
LLC, Orlando, for Appellee, Grace's
Support Services, LLC.

Sharon C. Degnan and Sebastian C. Mejia, of Kubicki Draper, Orlando, for Appellees, Carlton Palms Educational Center, Inc., and Bellwether Behavioral Florida Management Corp.

No Appearance for Remaining Appellee.

JAY, J.

The trial court dismissed Appellant's complaint for failure to prosecute under Florida Rule of Civil Procedure 1.420(e). In this appeal, Appellant argues that dismissal was improper because there was record activity within the ten months that immediately preceded the lack of prosecution notice. We agree with Appellant and reverse the order of dismissal.

I.

Appellant sued Appellees on behalf of her son. No activity occurred in the case from December 26, 2018, until May 31, 2019. On that date, the judge assigned to the case changed pursuant to an administrative order.

On March 11, 2020, Appellee Grace's Support Services, LLC ("Grace's Support"), filed a notice of lack of prosecution. The notice alleged that no record activity had taken place for fourteen months. Citing rule 1.420(e), the notice maintained that if no activity happened in the next sixty days, the court should dismiss the case for failure to prosecute.

2

No activity occurred in the next sixty days. Grace's Support moved to dismiss the case for failure to prosecute. Soon thereafter, the other Appellees moved to dismiss the case on the same basis. In response, Appellant argued that dismissal was inappropriate because there had been record activity in the ten months before the March 11, 2020 notice—specifically referencing the May 31, 2019 judge reassignment by administrative order. After holding a hearing, the trial court dismissed Appellant's complaint. This appeal followed.

II.

Whether record activity occurred in the relevant timeframe is reviewed de novo. *Tate v. McNeil*, 268 So. 3d 212, 214 (Fla. 2d DCA 2019). To make that determination, we begin with the text of rule 1.420(e), which states in full:

> In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. **If no such record activity has occurred within the 10 months immediately preceding the service of such notice**, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to

3

the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute. (Emphasis added).

The "words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). Therefore, unless the context dictates otherwise, a court must interpret every word according to its plain, obvious, and common-sense meaning. *Id.* at 946–47.

In evaluating the words of rule 1.420(e), the Florida Supreme Court has observed that "the language of the rule is clear—if a review of the face of the record . . . reveals activity by 'filings of pleadings, order of court, or otherwise,' an action should not be dismissed." *Wilson v. Salamon*, 923 So. 2d 363, 368 (Fla. 2005). This "bright-line rule" is "easy to apply and relieves the trial court . . . of the burden of determining . . . whether an activity is merely passive or active." *Id.* Accordingly, when evaluating activity under rule 1.420(e), a court need only conduct a "cursory review of the record" because "there is either activity on the face of the record or there is not." *Id.* That is,

4

"there is no need to examine the type or quality of [the] docket entries." *Waldeck v. MacDougall*, 300 So. 3d 1218, 1220 (Fla. 4th DCA 2020). "[I]t is a mechanical, ministerial review of the record with no discretion on the part of the trial court." *Id.*

Here, Grace's Support filed its notice of inactivity on March 11, 2020. Under rule 1.420(e), the notice was valid if "on the face of the record," "no activity by filing of pleadings, order of court, or otherwise" took place "within the 10 months immediately preceding" the service of the notice. However, the trial court progress docket shows that on May 31, 2019—nine months and eleven days before the notice—there was a "Judge Reassignment Per Admin Order 2018-56-A."

Plainly, Administrative Order 2018-56-A is a court order. In turn, that order triggered activity in the case: the reassignment of the presiding judge. Appellees claim that the May 31st "docket notation" cannot be record activity because it is not a valid "filing." This argument is at odds with the plain text of the rule, which states that for a notice to be viable, there must be "**no activity**[,]" "**on the face of the record**[,]" "by filing of pleadings, **order of court**, **or otherwise**[.]" Fla. R. Civ. P. 1.420(e) (emphasis added). "As Justice Wells noted in *Hall*, there is either activity on the face of the record or there is not." *Wilson*, 923 So. 2d at 368 (citing *Metro. Dade Cnty. v. Hall*, 784 So. 2d

5

1087, 1090 (Fla. 2001)). Here, the progress docket, which is quintessentially part of the face of the trial court record, shows activity on May 31, 2019. *See* Fla. R. Jud. Admin. 2.420(b)(1)(A) (providing that "court records" are "the contents of the court file, including the progress docket and other similar records generated to document activity in a case"). Accepting Appellees' position requires looking beyond the face of that record to make a subjective determination about the nature of the activity at issue. *Wilson* prohibits us from doing so. *See Wilson*, 923 So. 2d at 368 ("[I]f a review of the face of the record reveals activity by 'filing[] of pleadings, order of court, or otherwise,' an action should not be dismissed."); *Diamond Drywall Sys., Inc. v. Mashan Contractors, Inc.*, 943 So. 2d 267, 269 (Fla. 3d DCA 2006) (observing that *Wilson*'s clear intention was to overturn precedent that required courts to look behind the face of the record to make subjective determinations).

### III.

Given that record activity occurred on May 31, 2019, the March 11, 2020 notice was invalid because there had not yet been ten months of record inactivity. *See* Fla. R. Civ. P. 1.420(e). And because the notice did not comply with rule 1.420(e), the trial court erred by dismissing Appellant's complaint under that provision. *See Bondar v. Town of Jupiter Inlet Colony*, 321 So. 3d 774, 780 (Fla. 4th DCA 2021) ("[S]ince the applicable time periods are

6

calculated with reference to the date of entry of a notice of no activity for a stated period, such notice to all parties is a crucial and necessary step in initiating the dismissal procedure contemplated by rule 1.420(e). Therefore, if the Court's Notice was validly entered, dismissal pursuant to rule 1.420(e) was required; but, if the Court's Notice was invalidly entered, then dismissal under the rule was improper." (internal citation omitted)); *DRD Marine Corp. v. Byrd Techs., Inc.*, 77 So. 3d 867, 869 (Fla. 4th DCA 2012) ("Even if the defendant had served the notice instead of filing the motion to dismiss, the notice still would have been improper because record activity occurred in the ten months which would have immediately preceded the serving of the notice."); *A-1 Presto Roofing Corp. v. Espinosa*, 51 So. 3d 566, 567 (Fla. 3d DCA 2010) ("Thus, under the rule, if there is *any* record activity within the ten (10) months immediately preceding the service of such notice, the case should not be dismissed."). Accordingly, we reverse the order of dismissal and remand the matter to the trial court with directions to reinstate Appellant's complaint.

REVERSED and REMANDED with directions.

SOUD and BOATWRIGHT, JJ., concur.