PER CURIAM.
In this slip and fall action, the trial court granted Appellee Wal-Mart’s motion for summary judgment based on the nonexistence of any genuine issue of material fact that Wal-Mart had actual or constructive notice of a dangerous condition. The trial court did not have the benefit of the Florida Supreme Court’s recent holding in Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001),
that the existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition and the existence of that unsafe condition creates a rebut-table presumption that the premises owner did not maintain the premises in a reasonably safe condition.
Thus, once the plaintiff establishes that he or she fell as a result of a transitory foreign substance, a rebuttable presumption of negligence arises. At that point, the burden shifts to the defendant to show by the greater weight of evi *1107 dence that it exercised reasonable care in the maintenance of the premises under the circumstances.
Accordingly, we REVERSE and REMAND for Appellee Wal-Mart to present evidence that it exercised reasonable care in maintaining its premises. Id. at 330-32.
BOOTH, WEBSTER and PADOVANO, JJ., concur.