816 So.2d 1231 (2002)
Janet G. D'AQUISTO, Appellant,
v.
COSTCO WHOLESALE CORPORATION, Appellee.
No. 5D01-2055.
District Court of Appeal of Florida, Fifth District.
May 31, 2002.
R. Lee Dorough, Orlando, for Appellant.
Dennis R. O'Connor and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Ft. Lauderdale, for Appellee.
*1232 ORFINGER, R.B., J.
Janet G. D'Aquisto appeals a summary final judgment entered in favor of Costco Wholesale Corporation in a personal injury action. Ms. D'Aquisto's lawsuit sought damages following a slip and fall in a Costco store. Specifically, Ms. D'Aquisto alleged that she slipped and fell on an egg roll on the floor of a Costco store near a display table at which Costco employees were distributing egg roll samples to shoppers.
At the time the summary final judgment was entered, the trial court did not have the benefit of the Florida Supreme Court's recent holding in Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001) that held in pertinent part:
[T]he existence of a foreign substance on the floor of a business premises that causes a customer to fall and be injured is not a safe condition and the existence of that unsafe condition creates a rebuttable presumption that the premises owner did not maintain the premises in a reasonably safe condition.
Thus, once the plaintiff establishes that he or she fell as a result of a transitory foreign substance, a rebuttable presumption of negligence arises. At that point, the burden shifts to the defendant to show by the greater weight of the evidence that it exercised reasonable care in the maintenance of the premises under the circumstances.
Id. at 331 (footnote omitted).
Generally, new judicial decisions from a court of last resort, apply to "pipeline cases," i.e., cases pending in the trial court or on appeal at the time of the new decision. Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). Any decision of the Florida Supreme Court "announcing a new rule of law, or merely applying an established rule of law to a new or different factual situation, must be given retrospective application by the courts of this sate in every case pending on direct review or not yet final." Id. Notwithstanding the general rule, a judicial decision can declare itself prospective only or otherwise establish the extent of its retrospectivity, subject to certain constitutional limitations. "As a general rule, a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its application unless declared by the opinion to have prospective effect only." Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 736 (Fla.1987) (citation omitted).
While Costco concedes that appellate courts generally apply the law as it exists at the time of the appellate decision, even if the law was different during the trial proceedings, St. John v. Coisman, 799 So.2d 1110, 1116 (Fla. 5th DCA 2001), Costco argues that Owens does not apply to this case because a summary final judgment had been entered in Costco's favor. The supreme court established the extent of Owens retrospectivity by holding that "[t]his opinion shall be applicable to all cases commenced after the decision becomes final and those cases already commenced, but in which trial has not yet begun." Owens, 802 So.2d at 331. Costco argues that a summary final judgment should be treated as the equivalent of a trial for purposes of determining the applicability of Owens. We disagree. A summary final judgment is both procedurally and substantively a far cry from a trial.[1] *1233 Accordingly, we hold that Owens applies to cases on appeal following the entry of a summary final judgment, provided that the appeal is not yet final.[2]
We reverse the summary final judgment and remand the matter for further proceedings.
REVERSED AND REMANDED.
SAWAYA, J., concurs.
PLEUS, J., dissents with opinion.
PLEUS, J., dissenting.
I respectfully dissent and freely admit that my decision to dissent is motivated, to some extent, by my disagreement with Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001). However, the Supreme Court is supreme, even when its decision is by a vote of 4 to 3, or at least until the legislature meets.
I agree with the general rule that a decision of the Supreme Court which overrules a prior decision is retrospective as well as prospective, unless declared by the opinion to have prospective effect only. In Owens, the Court did declare the limitation on its retrospective application by including only cases in which the trial had not yet begun. In this case, there was no trial to begin. With the entry of a summary final judgment the case was over. Taking the Florida Supreme Court's language literally, Owens does not apply because the case had been completed before the opinion was released. If the Supreme Court had meant for Owens to apply to cases in which a final judgment had been entered, it should have said so.
NOTES
[1] A close examination of the holding in Owens supports this conclusion. Owens held that once a plaintiff establishes that he or she fell as a result of a transitory foreign substance, a rebuttable presumption of negligence arises. At that point, the burden shifts to the defendant to show by the greater weight of the evidence that it exercised reasonable care in the maintenance of the premises. Owens, 802 So.2d at 331. The supreme court held that "[t]he presumption is one affecting the burden of proof pursuant to section 90.304, Florida Statutes (2000).... Thus, when evidence rebutting such a presumption is introduced, the presumption does not automatically disappear. It is not overcome until the trier of fact believes that the presumed fact has been overcome by whatever degree of persuasion is required by the substantive law of the case." Id. at 331 n. 10 (citations omitted, emphasis added).
[2] If not explicitly, other Florida courts have implicitly reached the same conclusion. See, e.g., Bien-Aime v. Miami Dade County, 816 So.2d 1176 (Fla. 3d DCA 2002) (reversing and remanding summary judgment in slip-and-fall lawsuit in light of Owens which was announced while appeal was pending). Whitworth v. Wal-Mart Stores, Inc., 805 So.2d 1106 (Fla. 1st DCA 2002) (reversing and remanding summary judgment in slip-and-fall action in light of Owens as trial court did not have the benefit of Owens); Alvarez v. Food Lion, Inc., 805 So.2d 1032 (Fla. 2d DCA 2001) (same).