929 So.2d 1127 (2006)
Douglas WALKER, Appellant,
v.
James R. McDONOUGH, et al., Appellee.
No. 4D05-1757.
District Court of Appeal of Florida, Fourth District.
May 24, 2006.
Douglas Walker, Punta Gorda, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Senior Assistant Attorney General, Fort Lauderdale, for appellee.
MAY, J.
The plaintiff appeals the dismissal of his second amended complaint against the Departments of Corrections and Insurance for failure to prosecute. He argues the court erred in dismissing the complaint because the record reflects record activity within the year preceding the motion to dismiss. We agree and reverse.[1]
The plaintiff filed his second amended complaint against three individually named defendants and the Florida Departments of Corrections and Insurance. The individual defendants filed a motion to dismiss for failure to state a cause of action, entitlement to qualified immunity, entitlement to sovereign immunity, and failure to comply with conditions precedent under section 768.28, Florida Statutes (2003). The agency defendants filed motions to dismiss for failure to state a cause of action and entitlement to sovereign immunity.
The plaintiff filed a response and supplemental response, but no hearings were set on these motions. On April 14, 2004, defense counsel filed a notice of address change. On July 14, 2004, defense counsel filed a notice of absence from the court's jurisdiction. On July 30, 2004, the plaintiff filed a notice of address change.
On September 14, 2004, the agency defendants filed a motion to dismiss for failure to prosecute, pursuant to rule 1.420(e), Florida Rules of Civil Procedure. Ten days later, the plaintiff filed a response to the motion. The court set a telephonic hearing on the motion for October 28, 2004, but the plaintiff was unable to attend.
*1128 The court again set a telephonic hearing at which the plaintiff appeared. The court entered an order granting the motion to dismiss. The plaintiff filed a motion for rehearing, which the trial court denied on March 16, 2005.
On appeal, the plaintiff argues the court erred in granting the motion to dismiss because there were other outstanding motions. While this argument has no merit, a relatively recent decision of the Florida Supreme Court controls the outcome in this appeal. See Wilson v. Salamon, 923 So.2d 363 (Fla.2005). In Wilson, our supreme court established a bright-line rule for motions to dismiss for failure to prosecute.
[I]f a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed, unless a party shows good cause why the action should remain pending; however, if a review of the face of the record reveals activity by "filings of pleadings, order of court, or otherwise," an action should not be dismissed.
Id. at 368.
Applying this bright-line rule, the two notices of change of address and defense counsel's notice of absence from the jurisdiction are record activity in the year preceding the motion to dismiss for failure to prosecute. Consequently, the court erred in granting the motion. Because the trial court did not consider the other bases for the motion to dismiss, we do not address them here, but remand the case to the trial court for consideration.
Reversed and Remanded.
STEVENSON, CJ., and GUNTHER, J., concur.
NOTES
[1] We note the trial court did not have the benefit of Wilson v. Salamon, 923 So.2d 363 (Fla.2005), at the time of rendering its decision.