933 So.2d 595 (2006)
Devender REDDY and Nagender Reddy, Appellants,
v.
William D. FARKUS and Deborah L. Farkus, Appellees.
No. 5D05-3377.
District Court of Appeal of Florida, Fifth District.
June 16, 2006.
Rehearing Denied July 21, 2006.
*596 Andrew M. Brumby, of Shutts & Bowen, LLP., Orlando, for Appellant.
Marcia K. Lippincott, of Marcia K. Lippincott, P.A., Lake Mary, and Lawrence J. Marchbanks, P.A., Wildwood, for Appellee.
SHARP, W., J.
The Reddys appeal from a final order and order denying a motion to rehear which dismissed a lawsuit for specific performance they filed against the Farkuses, after the Farkuses refused to close on the sale of 54 acres of property in Sumter County, Florida (the Property). The Reddys argue that the trial court erred in dismissing their lawsuit pursuant to Rule 1.420(e) for lack of prosecution. We agree and reverse, based on Wilson v. Salamon, 923 So.2d 363 (Fla.2005).
The facts in this case are not in dispute. In August of 2002, the Farkuses and the Reddys entered into a written contract for the sale of the Property by the Farkuses to the Reddys for a purchase price of $540,000 ($10,000 per acre). A closing date of October 15, 2002, was agreed upon and the Reddys made a $10,000 down payment. The Reddys applied for financing with Branch Banking & Trust Co. (the Bank), and Sharon King (King), the real estate agent and sister of Deborah Farkus, verified the Reddys' application with the Bank. The Bank also assured King that the Reddys were financially secure enough to purchase the Property.
On September 11, 2002, the Bank issued a commitment letter for the requested loan amount with an expiration date of October 4, 2002. Because this expiration date was approximately two weeks prior to the scheduled closing, the Bank issued a corrected commitment letter, with an expiration date of October 16, 2002.
However, on October 9, 2002, the Farkuses claimed that the original commitment letter was inadequate and cancelled the contract. On October 11, 2002, the Reddys sent the Farkuses a letter which rejected the cancellation, advised that they had the necessary commitment from the Bank, and were ready, willing and able to close on the Property. The Reddys and King appeared on October 15, 2002 for the closing, but the Farkuses did not appear and refused to close. This lawsuit followed.
During 2003, the parties engaged in substantial discovery, which included, inter alia, taking depositions of all four litigants as well as King. On November 10, 2003, the Reddys filed a motion for summary judgment, and a hearing on the motion was scheduled for December 11, 2003. However, the Reddys cancelled this hearing, and on December 15, 2003 filed their Notice of Cancellation of Hearing.[1]
On November 17, 2004, the Farkuses filed their motion to dismiss pursuant to Rule 1.420(e) for lack of prosecution. On December 2, 2004, the Reddys filed a notice of hearing on their 2003 motion for summary judgment, and a hearing was *597 scheduled for December 15, 2004. On December 7, 2004, the Farkuses filed an "affidavit" requesting that the court deny the Reddys motion for summary judgment.
The December 15, 2004 hearing on both motions was continued when the trial judge became aware that the Farkuses' motion had not been properly set for hearing. Further, the judge was transferring from Sumter to Marion County, and he thought it inappropriate for him to proceed in the case. The motions were scheduled to be heard on March 30, 2005, but the hearing was again postponed until April 15, 2005 by agreement of counsel.
On April 15, 2005, counsel for the Reddys arrived 30 minutes late to the hearing because he was under the impression that the hearing had been re-scheduled for the same time as the March 30, 2005 hearing, when in fact the hearing had been scheduled for 45 minutes earlier. By the time counsel arrived, the trial court had dismissed the case based on the Farkuses' motion. The Reddys filed a motion to rehear, and a hearing was held on the motion, but that motion was denied as well.
The issue in this case is whether the filing of a notice of cancellation of a hearing is sufficient to preclude dismissal under the interpretation given to rule 1.420(e) by the supreme court in Wilson v. Salamon. This opinion was released after the appealed-from orders were entered.[2]
In Wilson v. Salamon, the only record activity for the previous year was an order granting a motion to appear pro hac vice. The trial court concluded that the order did not constitute sufficient activity to preclude dismissal under rule 1.420(e) and granted the motion. On appeal, the district court affirmed.
However, the supreme court receded from its prior interpretation of rule 1.420(e) to the extent that it required trial courts to look behind the face of the record to subjectively determine whether the activity reflected was passive or active. Under that analysis, if the activity was passive, dismissal of the law suit was proper. Conversely, if the activity was active and designed to hasten the suit to a conclusion on the merits, dismissal was precluded. Wilson v. Salamon.
The supreme court signaled that it was going to "return to the plain meaning and, more importantly, the purpose and policy of the rule," because the rule's original purpose and policy had been "undermined," which in turn undermined the integrity and credibility of our court system as well. It rejected the subjective analysis approach because it had simply become too subjective, had proven to be unworkable, and had spurred an increase in non-merit based litigation.
Instead, the court adopted a plain meaning construction, based upon the "clear" language of 1.420(e), which resulted in a "bright line" test. The bright line test is simple and easy to apply: if there is any activity on the record within the previous one year, the inquiry ends and the rule 1.420(e) motion must be denied. A subjective analysis of the activity on the record is neither necessary nor relevant.
On the other hand, if the record shows no activity within the previous one *598 year period, and the nonmoving party has complied with other requirements of the rule, the burden shifts to the nonmoving party to establish good cause. Good cause includes both good faith and a determination as to whether the non-record acts moved the case towards disposition, i.e., a subjective analysis. Wilson v. Salamon, citing Del Duca v. Anthony, 587 So.2d 1306 (Fla.1991).
In this case, we do not need to proceed beyond the initial question,[3] whether there was record activity in the year prior to the date the Farkuses filed their motion to dismiss on November 17, 2003. The record shows that the Reddys filed their notice of cancellation on December 15, 2003, within the one year period. Since there was record activity within the previous one year, the motion was improvidently granted. See Wilson v. Salamon; Nie v. Beaux Gardens Associates, Ltd., 923 So.2d 1200 (Fla. 3d DCA 2006); Commercial Union Ins. Co. v. Marine Sales & Services, Inc., 923 So.2d 535 (Fla. 4th DCA 2006).
We therefore must REVERSE and REMAND to the trial court for reinstatement of the action.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] The Reddys claim that the hearing was cancelled as a result of settlement negotiations which resulted in an agreement between the parties; the Farkuses deny this.
[2] Generally, appellate courts are required to apply the law as it exists at the time of the appeal, rather than that which existed when the case was tried. See Lowe v. Price, 437 So.2d 142 (Fla.1983); Hendeles v. Sanford Auto Auction, Inc., 364 So.2d 467 (Fla.1978); Florida East Coast Railway Co. v. Rouse, 194 So.2d 260, 262 (Fla.1966); D'Aquisto v. Costco Wholesale Corp., 816 So.2d 1231 (Fla. 5th DCA 2002); St. John v. Coisman, 799 So.2d 1110 (Fla. 5th DCA 2001).
[3] We have reviewed the record and find that this error was properly preserved, thereby rejecting appellee's claim to the contrary.