943 So.2d 267 (2006)
DIAMOND DRYWALL SYSTEMS, INC., Appellant,
v.
MASHAN CONTRACTORS, INC. and Villas of Vizcaya, LLC, Appellee.
No. 3D06-350.
District Court of Appeal of Florida, Third District.
November 22, 2006.
Warren Diener, for appellant.
Lauri Waldman Ross; Michael Schiffrin, Miami, for appellee.
Before COPE, C.J., and WELLS and CORTIÑAS, JJ.
COPE C.J.
The underlying issue in this appeal is whether the plaintiff's filing of a nonmeritorious motion for default counts as record activity so as to defeat a motion to dismiss for failure to prosecute. We conclude that the answer is yes and reverse for further proceedings.
Diamond Drywall Systems Inc. ("Diamond") was a subcontractor on a construction project where Mashan Contractors, Inc. was the general contractor and Villas of Vizcaya, LLC was the owner. Diamond filed suit against Mashan and Villas (collectively "the defendants") to recover payment for work which it had performed. The defendants appeared in the action by filing motions to dismiss which were denied.
Diamond filed an amended complaint, but neither defendant ever filed an answer. Diamond took no further action for just over a year.
On October 11, 2005, Diamond moved ex parte for clerk's defaults against both defendants, but the clerk refused to enter the defaults citing the prior appearance of counsel for the defendants. On October 17, 2005, the defendants, unaware of the filing of motions for default, moved to dismiss the case for lack of prosecution. Diamond filed a response to the motion to dismiss, but failed to appear at the November 8, 2005 hearing on the motion.
At the hearing, the trial court granted the motion. It is undisputed that Diamond's counsel did not receive a copy of the dismissal order until December 15, 2005, more than thirty days after the entry thereof. This meant that the rehearing and appeal times expired before Diamond received the dismissal order.
Diamond filed two motions which were in substance motions for relief from judgment. From the denial of both motions, Diamond appeals.[1]
*269 As a preliminary matter, where a litigant does not receive a final order until after the appeal time has run, the litigant is entitled to have the order re-entered so as to allow the filing of a timely motion for rehearing or a notice of appeal. See Kanecke v. Lennar Homes, 543 So.2d 784, 785 (Fla. 3d DCA 1989).
Turning to the merits of the dismissal, the parties agree that the dispositive issue in this case is the meaning of Wilson v. Salamon, 923 So.2d 363 (Fla.2005).[2] The stated purpose of Wilson is to simplify the determination of dismissals under Florida Rule of Civil Procedure 1.420(e) for failure to prosecute. In that case the court stated:
[T]he language of the rule is clear  if a review of the face of the record does not reflect any activity in the preceding year, the action shall be dismissed. . . . This construction of the rule establishes a bright-line test that will ordinarily require only a cursory review of the record by a trial court. . . . There is either activity on the face of the record or there is not.
Id. at 368.
In this case the defendants filed their motion on October 17, 2005. Under Wilson, the trial court's first inquiry is to examine the face of the record to see whether there was any record activity within the year prior to October 17, 2005. In this case, there was record activity: Diamond filed ex parte motions for default. That being so, the motion to dismiss for failure to prosecute should have been denied.
Our ruling is consistent with other decisions interpreting Wilson. Wilson has uniformly been interpreted to mean that any document appearing in the record within one year prior to the filing of a motion to dismiss precludes the entry of dismissal for failure to prosecute. See Reddy v. Farkus, 933 So.2d 595, 598 (Fla. 5th DCA 2006) (notice of cancellation of hearing precludes dismissal); Walker v. McDonough, 929 So.2d 1127, 1128 (Fla. 4th DCA 2006) (notice of change of address and notice of absence from jurisdiction preclude dismissal); Hunnewell v. Palm Beach County, 925 So.2d 468, 470 (Fla. 4th DCA 2006) (entry of order denying motion to dismiss precludes dismissal); Richards v. Sheriff of Palm Beach County, 925 So.2d 1166, 1168 (Fla. 4th DCA 2006) (filing of motion to withdraw precludes dismissal); Nie v. Beaux Gardens Assoc., Ltd., 923 So.2d 1200 (Fla. 3d DCA 2006) (filing of notices for pretrial conference and notice for case management conference preclude dismissal).
The defendants argue that Wilson did not affect the holding of National Enterprises Inc. v. Foodtech Hialeah, Inc., 777 So.2d 1191 (Fla. 3d DCA 2001), that certain types of filings can be considered invalid and therefore nullities for purposes of determining whether record activity has occurred. Respectfully, we cannot agree. The Wilson decision clearly states its intention to overturn prior precedent under which a trial court was "to look behind the face of the record to subjectively determine whether the activity reflected of record is merely passive and therefore insufficient to preclude dismissal under the rule. . . ." Wilson, 923 So.2d at 369. The Wilson opinion explained that the subjective analysis of the content of litigants' pleadings has led to inconsistent results and "has simply proven unworkable. . . ." Id. at 368.
*270 It is clear that this court's decision in National Enterprises does not survive Wilson. Indeed, National Enterprises relied on Barnett Bank v. Fleming, 508 So.2d 718 (Fla.1987), see National Enterprises, 777 So.2d at 1194-95, and in Wilson the Florida Supreme Court singled out Barnett Bank v. Fleming as one of the cases it wished to overturn. Wilson, 923 So.2d at 366. As National Enterprises does not survive Wilson, the trial court erred in entering the dismissal order.
For the stated reasons, we reverse the orders now before us and remand with directions to reinstate the action.
NOTES
[1] The procedural history regarding the motions for relief from judgment is somewhat complicated and need not be recited here.
[2] Wilson was decided shortly before the proceedings below.