948 So.2d 68 (2007)
MIAMI-DADE COUNTY, Appellant,
v.
Javi Leo Maurice WALKER, etc., et al., Appellees.
No. 3D04-2806.
District Court of Appeal of Florida, Third District.
January 17, 2007.
Robert A. Ginsburg, Miami-Dade County Attorney, and Thomas H. Robertson, Assistant County Attorney, for appellant.
Hersch & Talisman and Patrice A. Talisman; and Kutner, Rubinoff & Bush, for appellees.
Before SHEPHERD, and ROTHENBERG, JJ., and LEVY, Senior Judge.
ROTHENBERG, Judge.
The defendant, Miami-Dade County ("Miami-Dade"), appeals from a stipulated final judgment that reserved the right to appeal the trial court's denial of Miami-Dade's motion to dismiss for lack of prosecution. We affirm.
The plaintiffs, Javi Leo Maurice Walker etc., et al., filed suit against University Baptist Church of Coral Gables ("UBC") and Miami-Dade for injuries Javi sustained when swimming at a Miami-Dade park while enrolled in a summer camp at UBC.
In September 2002, plaintiffs' counsel hired a paralegal who had previously worked for UBC's counsel. While employed by UBC's counsel, this paralegal worked on the plaintiffs' lawsuit. Upon learning of this situation, on October 10, 2002, UBC moved to disqualify plaintiffs' counsel. On December 31, 2002, the trial court granted UBC's motion to disqualify.
On January 29, 2003, the plaintiffs filed a petition for writ of certiorari in this *69 court, seeking review of the trial court's order granting the motion to disqualify. This court denied the petition on March 12, 2003, and on April 16, 2003, denied the plaintiffs' motion to certify conflict.
Prior to the disposition by this court of the petition for writ of certiorari, the plaintiffs filed a Response to Request for Production on February 13, 2003, and following this court's disposition, the plaintiffs filed a Notice of Change of Firm Name on July 8, 2003.
On February 17, 2004, Miami-Dade moved to dismiss the action for lack of prosecution. A few days later, on February 20, 2004, the plaintiffs filed their Notice of Filing. Attached to the Notice of Filing was a copy of this court's order denying the plaintiffs' petition for writ of certiorari and a copy of the order denying the plaintiffs' motion to certify conflict. In addition, on May 17, 2004, the plaintiffs filed a written response, asserting that the certiorari proceeding before this court constituted good cause. The plaintiffs argued that because their petition for writ of certiorari was filed in good faith and in an attempt to move the case toward a conclusion, their case should not be dismissed for lack of prosecution. Following a hearing, on June 17, 2004, the trial court entered an order denying the motion to dismiss, finding that the plaintiffs had shown good cause.
Following the denial of Miami-Dade's motion to dismiss for lack of prosecution, Miami-Dade and the plaintiffs entered into a stipulated judgment, finding Miami-Dade negligent and awarding the plaintiffs $150,000 in damages. The parties also agreed that Miami-Dade could appeal the denial of its motion to dismiss for lack of prosecution, and that if successful on appeal, the stipulated final judgment would be vacated.
In this appeal, Miami-Dade contends that the trial court abused its discretion in denying its motion to dismiss for lack of prosecution. We disagree.
Florida Rule of Civil Procedure 1.420(e), which permits a trial court to dismiss a lawsuit for failure to prosecute, provides:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Therefore, pursuant to Rule 1.420(e), "first, the defendant must show that there was no record activity for the year preceding the motion. Second, if there was no record activity, the plaintiff has an opportunity to establish good cause why the action should not be dismissed." Metro. Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001).
In the instant case, Miami-Dade filed its motion to dismiss for lack of prosecution on February 17, 2004. A review of the record indicates that the only item filed by the plaintiffs during the year preceding the filing of the motion to dismiss was a Notice of Change of Firm Name. We conclude that this pleading constitutes record activity and, therefore, the motion to dismiss was properly denied.[1]
Subsequent to the filing of the instant appeal, the Florida Supreme Court receded *70 from its prior interpretation of rule 1.420(e) to the extent that it required trial courts to look behind the face of the record to determine whether the record activity was passive or active. See Wilson v. Salamon, 923 So.2d 363, 369 (Fla.2006). Under the passive/active analysis, if the activity was passive, dismissal of the lawsuit was proper; whereas, if the activity was active, in that it served to move the case forward, dismissal was precluded. The Florida Supreme Court in Wilson, however, determined that the passive/active test resulted in an unworkable, subjective analysis and, therefore, adopted a "bright line" test: if there is any record activity within the previous year, the inquiry ends and the motion must be denied. Id; see also Nie v. Beaux Gardens Assocs., Ltd., 923 So.2d 1200 (Fla. 3d DCA 2006)(holding that the filing of a notice for pretrial conference and a notice for a case management conference constituted record activity precluding dismissal under Florida Rule of Civil Procedure 1.420(e)); Reddy v. Farkus, 933 So.2d 595, 597 (Fla. 5th DCA 2006)(holding that the filing of a notice of cancellation of hearing constituted record activity sufficient to preclude dismissal under the interpretation given to rule 1.420(e) by the Florida Supreme Court in Wilson).
Affirmed.[2]
NOTES
[1] We note that on March 12, 2003, this court denied the plaintiffs' petition for writ of certiorari. Had the plaintiffs filed a copy of this order in the circuit court within the year preceding the filing of the motion to dismiss for lack of prosecution, this filing would also have constituted record activity. See Murphy White Dairy, Inc. v. Simmons, 405 So.2d 298 (Fla. 4th DCA 1981)(holding that plaintiff's act of filing in the circuit court a copy of appellate court's order dismissing appeal constitutes record activity); Ortiz v. Biscayne Med. Ctr., Inc., 385 So.2d 1146, 1146 (Fla. 3d DCA 1980)(holding that order of appellate "court which denied the petition for writ of certiorari and was filed in the circuit court is record activity within the meaning of Rule 1.420(e), Florida Rules of Civil Procedure")(emphasis added).
[2] We note that the parties and the trial court did not have the benefit of Wilson, Nie, and Reddy, and, therefore, confined their analysis as to whether good cause was demonstrated. We need not address this second prong as we conclude, based upon Wilson, that there was record activity precluding dismissal.