964 So.2d 864 (2007)
John L. NORMAN, Appellant,
v.
Wyndel G. DARVILLE and Office of State Attorney, Appellees.
No. 2D06-4022.
District Court of Appeal of Florida, Second District.
September 19, 2007.
John L. Norman, pro se.
Daniel E. Scott of Daniel E. Scott, P.A., Sarasota, for Appellees.
STRINGER, Judge.
John L. Norman seeks review of the trial court's order dismissing his case for lack of prosecution pursuant to Florida Rule of Civil Procedure 1.420(e). We reverse because the trial court erred in determining *865 that there was no record activity within ten months of service of the notice of lack of prosecution.
Rule 1.420(e) provides for dismissal for failure to prosecute when "it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months." Norman filed a complaint against Wyndel Darville and the Office of the State Attorney (together "the Defendants") on March 11, 2004. On February 24, 2006, the Defendants filed a notice of lack of prosecution, in which they alleged that there had been ten months of record inactivity. The last document filed by Norman was a change of address filed on May 31, 2005, which was less than ten months prior to the notice of lack of prosecution. Prior to that, Norman had filed a response to a defensive motion to dismiss on March 2, 2005.
Norman argues that the change of address he filed on May 31, 2005, constituted record activity sufficient to preclude dismissal of his action against the Defendants. In its order dismissing the complaint, the trial court determined that the change of address did not constitute record activity because it did not "advance[] this action toward resolution." While this used to be the standard for determining whether record activity was sufficient to preclude dismissal for failure to prosecute, the supreme court expressly receded from this standard in Wilson v. Salamon, 923 So.2d 363 (Fla.2005). Instead, the court adopted a bright-line test that involves a review of the face of the record for "any activity" in the preceding time period. Id. at 368.

Wilson has uniformly been interpreted to mean that any document appearing in the record within one year prior to the filing of a motion to dismiss precludes the entry of dismissal for failure to prosecute. See Reddy v. Farkus, 933 So.2d 595, 598 (Fla. 5th DCA 2006) (notice of cancellation of hearing precludes dismissal); Walker v. McDonough, 929 So.2d 1127, 1128 (Fla. 4th DCA 2006) (notice of change of address and notice of absence from jurisdiction preclude dismissal); Hunnewell v. Palm Beach County, 925 So.2d 468, 470 (Fla. 4th DCA 2006) (entry of order denying motion to dismiss precludes dismissal); Richards v. Sheriff of Palm Beach County, 925 So.2d 1166, 1168 (Fla. 4th DCA 2006) (filing of motion to withdraw precludes dismissal); Nie v. Beaux Gardens Assoc., Ltd., 923 So.2d 1200 (Fla. 3d DCA 2006) (filing of notices for pretrial conference and notice for case management conference preclude dismissal).
Diamond Drywall Sys., Inc. v. Mashan Contractors, Inc., 943 So.2d 267, 269 (Fla. 3d DCA 2006). Thus, the trial court erred in determining that the change of address did not constitute record activity sufficient to preclude dismissal in this case.
Reversed.
DAVIS and VILLANTI, JJ., Concur.