970 So.2d 399 (2007)
Enrique PADRON, Appellant,
v.
Alina T. ALONSO, In re: the Estate of Maria C. Alonso, Appellee.
No. 3D07-26.
District Court of Appeal of Florida, Third District.
November 7, 2007.
*400 Lazaro J. Lopez; Virginia Best, for appellant.
M. Emelina Mejer-Kondla, for appellee.
Before COPE and WELLS, JJ., and FLETCHER, Senior Judge.
WELLS, Judge.
Enrique Padron appeals dismissal of his probate revocation action for lack of prosecution. We reverse.
Florida Rule of Civil Procedure 1.420(e), as amended in 2005,[1] addressing dismissals for failure to prosecute, governs this case. That rule provides:
Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
Fla. R. Civ. P. 1.420(e).
As the committee notes to this amendment explain, this subdivision "has been amended to provide that an action may not be dismissed for lack of prosecution without prior notice to the claimant and adequate opportunity for the claimant to recommence prosecution of the action to avert dismissal." Fla. R. Civ. P. 1.420(e), committee notes (2005 amend.); see Edwards v. City of St. Petersburg, 961 So.2d 1048, 1049 (Fla. 2d DCA 2007) (confirming that the amended rule provides a sixty-day period in which a party may act to avoid a dismissal for failure to prosecute).
In Wilson v. Salamon, 923 So.2d 363 (Fla.2005), the Florida Supreme Court recognized a "bright line test" that precludes dismissal where "review of the face of the record reveals activity by `filings of pleadings, order of court, or otherwise.'" Id. at 368 (citing Metro. Dade County v. Hall, 784 So.2d 1087, 1090 (Fla.2001)); see Norman v. Darville, 964 So.2d 864, 865 (Fla. 2d DCA 2007) (observing "the court [in Wilson] adopted a bright-line test that involves a review of the face of the record for `any activity' in the preceding time period"); see also London v. Baxter Healthcare Corp., 965 So.2d 307 (Fla. 3d DCA 2007) (concluding that appellant's filing met "the Wilson bright line test"); *401 Miami-Dade County v. Walker, 948 So.2d 68, 70 (Fla. 3d DCA 2007) (observing that "based upon Wilson, that there was record activity precluding dismissal"); Diamond Drywall Sys., Inc. v. Mashan Contractors, Inc., 943 So.2d 267, 269 (Fla. 3d DCA 2006) (concluding that "Wilson has uniformly been interpreted to mean that any document appearing in the record within one year prior to the filing of a motion to dismiss precludes the entry of dismissal for failure to prosecute" and construing rule after Wilson but before 2005 amendment). Because the record in this case reveals at least one filing within sixty days of the notice of intent to dismiss for lack of prosecution, Padron's action should not have been dismissed.
Accordingly, the order of dismissal is reversed and this case remanded for reinstatement.
NOTES
[1] See In re Amendments to the Fla. Rules of Civil Procedure (Two Year Cycle), 917 So.2d 176, 176-77 (Fla.2005) (setting January 1, 2006, as effective date for amendments).