RAMIREZ, C.J.
 

 This is an appeal from an order granting appellee Triple M. Roofing, Corp.’s motion to dismiss for lack of prosecution. Because there was record activity, we reverse.
 

 Triple M. Roofing first points out that this is not a final, appealable order. Appellate courts have uniformly treated a dismissal for lack of prosecution as a final order for purposes of appeal.
 
 See, e.g., Fox v. Playa Del Sol Ass’n,
 
 446 So.2d 126, 126 n. 1 (Fla. 4th DCA 1983)
 

 Triple M. Roofing’s second argument, that the order of dismissal for failure to prosecute did not constitute an abuse of discretion because the case was dormant for more than one year, is totally fallacious. The case law has established bright line rules which give the trial court no discretion. Florida Rule of Civil Procedure 1.420(e) states:
 

 In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action nor not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record
 
 *592
 
 activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period of less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
 

 In its brief, Triple M. Roofing admits that in the ten-month period that preceded the service date of the lack of prosecution notice, there were
 
 five
 
 docket entries which provided five reasons why the notice of no activity was a nullity.
 
 See Wilson v. Salamon,
 
 923 So.2d 363 (Fla.2005);
 
 Norman v. Darville,
 
 964 So.2d 864 (Fla. 2d DCA 2007);
 
 Reddy v. Farkus,
 
 933 So.2d 595 (Fla. 5th DCA 2006);
 
 Walker v. McDonough,
 
 929 So.2d 1127 (Fla. 4th DCA 2006);
 
 Hunnewell v. Palm Beach Cnty.,
 
 925 So.2d 468 (Fla. 4th DCA 2006);
 
 Richards v. Sheriff of Palm Beach Cnty.,
 
 925 So.2d 1166 (Fla. 4th DCA 2006). Triple M. Roofing, Corp. also relies on
 
 Chemrock Corp. v. Tampa, Elec. Co.,
 
 23 So.3d 759 (Fla. 1st DCA 2009). However, Triple M. Roofing’s reliance on that case is misplaced because in that case, Chemrock admitted there had been a ten-month period of inactivity.
 

 Finally, because the motion filed below represents the quintessential example of a frivolous motion rendering the time spent in the prosecution of this appeal equally wasteful, we grant appellant’s motion for costs pursuant to Florida Rule of Appellate Procedure 9.400(a). As to attorney’s fees pursuant to rule 9.400(b), the Florida Supreme Court has stated that the language of rule 9.400(b) requires that “a party seeking attorney’s fees in an appellate court must provide substance and specify the particular contractual, statutory, or other substantive basis for an award of fees on appeal. It is simply insufficient for parties to only refer to rule 9.400 or to rely on another court’s order in support of a motion for attorney’s fees for services rendered in an appellate court.”
 
 United Servs. Auto. Ass’n v. Phillips,
 
 775 So.2d 921, 922 (Fla.2000). Accordingly, we deny appellant’s motion for attorney’s fees filed prior to the reply brief. At the same time, the Court on its own motion orders the appellees, Triple M. Roofing and IRT-Arcon, Inc., shall show cause within ten (10) days as to why this Court should not impose sanctions, including attorney’s fees, against the appellees and their counsel pursuant to section 57.105, Florida Statutes (2010), and Rule 9.410 of the Florida Rules of Appellate Procedure.
 

 Reversed and remanded for reinstatement below and further proceedings here.