CLARK, J.
The appellants challenge the circuit court’s dismissal of the appellants’ civil action, upon a failure to prosecute. That action should not have been dismissed, as the appellants made a sufficient filing within the time required under Florida Rule of Civil Procedure 1.420(e).
The appellants commenced a civil action for damages, discovery ensued and various filings were made. After an initial period of inactivity, additional filings were made. After a subsequent ten-month period of inactivity, the court entered an order pursuant to rule 1.420(e), advising the appel *122 lants that if no further record activity occurred within the next 60 days the case would be dismissed for lack of prosecution. Sixteen days later the appellants’ counsel filed a motion to withdraw as attorney of record and asked that the appellants be given a reasonable amount of time to obtain other counsel.
No other filings were made during the 60-day time referenced in the court’s order. A hearing was held and the court indicated that it would grant counsel’s motion to withdraw, but that the case would be dismissed. The court thereafter entered the order which is now being appealed, dismissing the appellants’ action due to a failure to prosecute.
In accordance with rule 1.420(e) and the court’s order giving notice, the case should not have been dismissed because counsel’s motion was filed within the specified 60-day time. While Chemrock Corp. v. Tampa Electric Co., 23 So.3d 759 (Fla. 1st DCA 2009), review granted 28 So.3d 44 (Fla. 2010), indicates that a dismissal is not avoided unless the 60-day filing is of a type which will recommence prosecution, counsel’s request for the appellants to be given time to obtain other representation satisfies that standard, because counsel advised the court that he and the appellants disagreed as to the continued handling of the case. The filing was not meaningless or inconsequential to the case’s progression. Because this filing comports with Chemrock and rule 1.420(e), dismissal of the appellants’ action for damages was erroneous.
The appealed order is reversed, and the case is remanded.
ROBERTS and WETHERELL, JJ., concur.