PER CURIAM.
We reverse the lower court’s order dismissing the suit for lack of prosecution. The filing of the motion to amend the complaint and the proposed amended complaint within the sixty-day grace period was sufficient to avoid dismissal. Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786 (Fla.2011). The trial court erred by striking the motion and proposed amendment as a sham. Yunger v. Oliver, 803 So.2d 884, 886 (Fla. 5th DCA 2002) (citing Destiny Constr. Co. v. Martin K Eby Constr., 662 So.2d 388, 390 (Fla. 5th DCA 1995)); see also Furst v. Blackman, 819 So.2d 222, 225 (Fla. 4th DCA 2002) (“A sham pleading is one which is ‘undoubtedly false’ and known to be so to the party preparing it.” (quoting Menke v. Southland Specialties Corp., 637 So.2d 285, 286 (Fla. 2d DCA 1994))).
REVERSED AND REMANDED.
TORPY, EVANDER and JACOBUS, JJ., concur.