FERNANDEZ, J.
JPMorgan Chase Bank, etc., appeals the trial court’s order of dismissal for failure to prosecute. We reverse and remand for further proceedings because record activity occurred within sixty days of when Chase received notice of failure to prosecute.
In October of 2009, Chase filed the underlying mortgage foreclosure suit. By May of 2010, the case had stalled, and on June 1, 2011, the trial court sent Chase notice of failure to prosecute. Chase thereafter filed a Motion to Amend Plaintiffs Name and Change Case Style, and the court issued an order finding good cause why the action should remain pending.
On June 14, 2012, the trial court sent Chase a second notice for failure to prosecute. Chase then filed a motion for summary judgment, a notice of filing an original loan document, and three amended affidavits in support of summary judgment.
We conclude that there was record activity sufficient to preclude dismissal for failure to prosecute. Florida Rule of Civil Procedure 1.420(e) allows the court to dismiss an action where “it appears on the face of the record that no activity ... has occurred for a period of 10 months....” Fla. R. Civ. P. 1.420(e). After giving proper notice, the court may dismiss the action “[i]f no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days *317 immediately following the service of such notice....” Id. The Florida Supreme Court has taken a “bright line interpretation of rule 1.420(e), under which any filing of record is sufficient to preclude dismissal....” Chemrock Corp. v. Tampa Elec. Co., 71 So.3d 786, 792 (Fla.2011) (emphasis added).
The record reflects that Chase timely filed multiple filings with the trial court after it received the June 14, 2012, notice for failure to prosecute.[1] Such record activity is sufficient to preclude dismissal. See Chemrock, 71 So.3d at 792; Nalley v. Rotstein, 109 So.3d 894 (Fla. 5th DCA 2013); Miami-Dade Cnty. v. Walker, 948 So.2d 68 (Fla. 3d DCA 2007). Therefore, the dismissal order is reversed and remanded for further proceedings.
Reversed and remanded for further proceedings.

. When the trial court dismissed the case, it also struck Chase’s filing of the original note, asserting that it was in violation of an administrative order which instructed plaintiffs not to file an original note. The Eleventh Judicial Circuit Administrative Memorandum 12-E provides that the law firm who files an original note would be responsible to its client and to the borrower for any subsequent loss or inability to locate the note. The memorandum, however, does not state that filings, including an original note, will be stricken. Thus, it was error for the trial court to strike Chase’s filing and dismiss the action. Cf. U.S. Bank Nat’l Ass’n v. Cowell, 86 So.3d 1214 (Fla. 3d DCA 2012).