# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1937
Lower Tribunal No. 15-2159-CP-02
_____

**Genaro Antonio Javier Rivas, et al.,**
Appellants,

vs.

**Behar, Gutt & Glazer, P.A.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Nordlund P.A., and Randall Nordlund, for appellants.

Behar, Gutt & Glazer, P.A., and Ira Gutt and Brian S. Behar (Fort Lauderdale), for appellee.

Before SCALES, C.J., and LOGUE and BOKOR, JJ.

LOGUE, J.

Appellants appeal the dismissal of their adversary proceeding in probate court. For the reasons explained below, we reverse.

Appellants are claimed beneficiaries in a probate proceeding and they are suing the law firm they hired to represent them in the probate matter. They live in the Dominican Republic. They initially filed suit in the circuit court civil division but, in 2015, their claim was transferred to the probate case and ordered to proceed as an adversary proceeding.

To put it mildly, this case has been subject to delays and periods of inactivity that would try the patience of any trial judge, and which arguably disadvantaged the defendants. Appellants assert the delays were due to discovery problems. One set of problems, they maintain, concerned the difficulty obtaining visas for Appellants to travel to the United States to testify in support of their claims. Appellants also claim they had difficulty obtaining the deposition of Appellee's former paralegal.

Starting in September of 2020, the trial court entered a series of four sua sponte apparently form orders styled, "Order to Progress the Case." These orders provided:

> Counsel for personal representative has the obligation to actively progress the resolution of this cause. Counsel for personal representative must perform some affirmative action (e.g. file the Inventory, file a Petition for Distribution and submit proposed Order of Distribution) within 20 days of

2

the date of this order. Failure to do so shall result in dismissal for lack of prosecution.

The last of these orders was entered on December 29, 2021. On January 19, 2022, twenty-two days later, Appellants filed a re-notice of taking the deposition of the former paralegal. The deposition took place on March 2, 2022.

On August 12, 2024, approximately twenty-one months later, after another period of inactivity, but without prior notice, the trial court dismissed the case. The order indicated the dismissal was for "lack of prosecution" and was without prejudice. On August 21, 2024, Appellants filed a motion to reopen the adversary hearing. On September 4, 2024, the Court entered a corrected order dismissing the case with prejudice, stating the case was not dismissed for lack of prosecution but for "failure to comply with the Court Order entered on December 29, 2021 and failure to show cause." In a related order entered the same day, the trial court stated, "since January 19, 2022, nothing – absolutely nothing – happened in this case." Appellants timely appealed.

In Rule 1.420(e) of the Florida Rules of Civil Procedure, the Florida Supreme Court established a process for dismissing cases for lack of prosecution which requires among other things notice, an opportunity to prosecute, and a hearing. Rule 1.420(e) applies in probate proceedings.

See, e.g., Padron v. Alonso, 970 So. 2d 399, 400 (Fla. 3d DCA 2007) (reversing the dismissal of a probate action for lack of prosecution when the dismissal did not comport with Florida Rule of Civil Procedure 1.420(e)). The parties agree the trial court did not follow Rule 1.420(e) when dismissing this case.

The Appellee contends, however, that the case was not dismissed for lack of prosecution but for violation of the December 29, 2021 order. This argument assumes a legal difference between a dismissal for lack of prosecution and a dismissal for failure to obey a court order to progress a case where the court in its order warned a violation "shall result in dismissal for lack of prosecution." We are hesitant to accept such a negligible distinction.

Even accepting the distinction, however, a dismissal with prejudice for failure to obey a court order (in this case by a delay of two days) is a sufficiently severe sanction as to require the trial court to conduct an analysis of the violation under the factors set forth in Kozel v. Ostendorf, 629 So. 2d 817, 818 (Fla. 1993), which was not done below. We are therefore constrained to reverse.

In doing so, we are aware of the great periods of inactivity in the record below. It was precisely to address such inactivity, however, that Rule

4

1.420(e) empowers "any interested person, whether a party to the action or not, the court, or the clerk of the court . . . [to] serve" the notice that triggers the 1.420(e) process that leads to a dismissal under its provisions. Undue delay is not a reason to bypass Rule 1.420(e), it is a reason to follow it.

Reversed.